[Filed October 26, 1891.]

## C. B. BELLINGER, GUARDIAN, *v.* RUFUS INGALLS, EXECUTOR.

APPEALABLE ORDER—SETTLEMENT OF ESTATES.—Where all debts against an estate have been fully paid, and all its choses in action reduced to the possession of the executor, except certain claims which may be passed to the heirs in distribution, an order of the county court refusing to compel final settlement and distribution of the estate is a decree from which an appeal will lie.

Multnomah county: L. B. STEARNS, Judge.

Plaintiff appeals. Reversed.

This proceeding was instituted by a petition filed by the appellant in the county court of Multnomah county as

guardian of Linda and Ben Campbell Holladay, minor heirs of Esther Holladay, deceased. The object of the proceeding is to obtain a final settlement and distribution of the estate of said decedent, now in the hands of Rufus Ingalls, executor of her last will and testament. It sufficiently appears from the record that all of the debts of Esther Holladay have been paid, and that there are no claims outstanding against her estate. It also appears that the executor has collected all debts due said estate except a part of a judgment recovered by him against James Steel, administrator with the will annexed, of Ben Holladay, deceased, and some unrecognized claim against the United States for alleged depredations committed by Indians on the property of Ben Holladay many years ago. As to the first claim, it does not appear from the record before us that there is any probability that any more can be collected on said claim than has already been collected. As to the second claim, it depends altogether on an adjudication by the court of claims, and if so established, upon provision by congress for its payment. The county court overruled the application of the petitioner, from which he appealed to the circuit court. That court affirmed the action of the county court, from which decree this appeal is taken.

*C. B. Bellinger, in propria persona,* Appellant.

*G. H. Williams,* for Respondent.

STRAHAN, C. J.—Counsel for respondent did not file a motion to dismiss this appeal, but a preliminary objection was taken by him to the consideration of this case for the reason that the order or judgment complained of was not appealable. Nor does it appear that any objection was made in the court below to the consideration of the appeal from the county court. On the argument here, however, it was assumed by counsel on both sides that if the order was not appealable there was no case presented for the consideration of this court, and to that question our attention will first be directed.

Section 535, Hill's Code, defines the character of order or judgment from which an appeal may be taken thus: "A judgment or decree may be reviewed as prescribed in this title, and not otherwise.  An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, or a final order affecting a substantial right, and made in a proceeding after judgment or decree for the purpose of being reviewed, shall be deemed a judgment or decree."

The question therefore is, whether or not the order of the county court refusing to distribute the money in the hands of the executor, or to require the executor to file his final account is a decree within the meaning of this section of the code, and therefore reviewable on appeal.

It appears from this record that there are no debts outstanding against the estate of Esther Holladay, and that all the moneys due her estate have been collected except the two outstanding claims referred to above; that a large amount of money is now in the hands of the executor, and that there is no reasonable probability of any further collections.  Under this state of facts the denial of the guardian's application did affect a substantial right for which there is no remedy unless the right of appeal exists.  The fact that this application might be renewed again at some subsequent time, is no answer to the appellant's contention.  It might also be denied as often as renewed, and if no appeal lies, the rights of the petitioner, representing the heirs, could never be successfully asserted; at least it would depend largely on the will of the executor when he would be pleased to file a final account.

The objection that the executor may by some possibility realize something on the depredation claim, if allowed to pursue it, does not seem to be conclusive, because the decree of the county court on final settlement can pass that claim to the guardian for the use of the children, who can assert the same with like effect as can the respondent.

The decree appealed from will, therefore, be reversed,

XXI OR.—13.

·and the court below is directed to reverse the decree of the county court of Multnomah county appealed from, and to direct that court to require the respondent to file his final account as executor of the last will and testament of Esther Holladay. deceased, and that the same be then disposed of according to law and the usual practice of that court.