Submitted on briefs March 6, affirmed April 17, 1923.

# Re JAMES NEIL ESTATE.

### (214 Pac. 338.)

**Executors and Administrators—Notice of Appeal by Executor from Decree for Claimant Need not be Served on Persons Contesting Claim—"Adverse Parties."**

1.  In proceeding by claimant under will for accounting and to establish his right as sole residuary beneficiary, where the executor appealed from decree for claimant, it was not necessary that persons appearing to contest the claimant's right as residuary beneficiary should be served with notice of appeal; they not being "adverse parties" within Section 550, Or. L.

**Executors and Administrators—Claimant Establishing Claim as Sole Residuary Beneficiary Entitled to Final Accounting.**

2.  Where claimant established his claim as sole residuary beneficiary under a will, it was proper for him to demand a final accounting, and upon such accounting to have the residue of the estate turned over to him.

**Executors and Administrators—Nonpayment of Inheritance Tax No Bar to Final Accounting.**

3.  That inheritance tax on an estate had not been paid was not a bar to final accounting, as upon such accounting the court could require the tax to be paid before final disposition of the estate, as part of the expense of the estate.

From Marion:  GEORGE G. BINGHAM, Judge.

In Banc.

This was a proceeding begun in the County Court of Marion County upon the petition of Michael O'Neill, the object of which was to compel T. K. Ford, as executor of the estate of James Neil, deceased, to a final account.   The petition set up that James Neil died on December 16, 1916, leaving a will, of which the following is a copy:

"IN THE NAME OF GOD, AMEN: I, James Neil, of Marion County, State of Oregon, do make and publish this my last Will and Testament; hereby revoking

---

"Adverse parties" as applied to appeals, see note in 21 **Ann. Cas.** 1277.

and making void all my former wills, and by me at any time heretofore made.

## "FIRST.

"I direct that all my debts and funeral expenses be paid as soon after my decease as possible out of the first moneys that shall come into the hands of my executor hereinafter named.

## "SECOND.

"I give, devise and bequeath to St. Joseph Catholic Church of Salem, Oregon, the sum of Two Hundred Fifty ($250.00) Dollars to be applied on the payment of street assessment, which is now a lien on said church property.

## "THIRD.

"I give, devise and bequeath to Garrette M. Julien, the sum of One Hundred ($100.00) Dollars, and also my three lots, located in Bay View Addition to Bay City, in Tillamook County, Oregon. And also Lot 7 in Block 7, McClure's Addition to Astoria, Oregon.

## "FOURTH.

"All the rest and residue of my property of every nature and description, both real and personal, I give, devise and bequeath to my brother and two sisters, namely, Michael Neil, sometimes called Michael O'Neill, and my sister Jane Neil, and my sister Catherine Neil, to be divided equally between my said brother and my said two sisters, share and share alike. My said brother and my said sister Jane were living in New Jersey the last time I heard from them; my sister Catherine was living in Liverpool, England, the last time I heard from her. Should my brother or either one of my sisters be not living at the time of my death, then my said property willed to them be divided equally between the ones living at the time of my death.

"Should my executors hereinafter named be not able to locate my said brother or sisters within ten years after my death, then I wish my property willed to my said brother and sisters to be divided as follows:

"To said Garrette M. Julien, an undivided one-fifth; to Marie Julien, an undivided one-fifth; to Ida Martin an undivided one-fifth; to John Quirk and T. K. Ford, an undivided one-fifth, and to St. Joseph's Catholic Church, of Salem, Oregon, and Patrick Ryan of Portland, Oregon, an undivided one-fifth.

### "FIFTH.

"I nominate and appoint T. K. Ford, of Salem, Oregon, and Patrick Ryan, of Portland, Oregon, executors of this my last Will and Testament, to act without giving bond.

"IN WITNESS WHEREOF, I have hereunto set my hand and seal the twentieth day of November, 1916.

"JAMES NEIL.   (Seal)

"The foregoing Will was signed, sealed, published and declared by James Neil, the testator above named, as and for his last Will and Testament in the presence of us, who in his presence, at his request and in the presence of each other have hereunto subscribed our names as witnesses hereto the day and date above written.

"DR. C. B. O'NEILL    Residence, Salem, Oregon.
"P. J. BLIM            Residence, Salem, Oregon."

It is further alleged that Ford was duly appointed executor, gave the notices required by law, and that upon the twenty-second day of June, 1917, he filed a petition showing that the only claim presented was the claim of Drs. L. F. Griffith and J. C. Evans in the sum of $697.50, and that all debts and funeral expenses had been paid, and prayed for an order to pay the bequest to St. Joseph's Catholic Church in the sum of $250 and also the bequest to Garrette M. Julien in the sum of $100 and prayed for an order to deliver possession to Julien of the real estate devised to him in the will, and thereupon the court ordered the claim and bequests paid and the real property devised to Julien to be surrendered to him by the executor. It is further set forth that the peti-

tioner, Michael O'Neill, is a brother of the decedent, referred to in the will as "Michael Neil, sometimes called Michael O'Neill," and further sets forth that the sisters of the deceased, named in the will, are dead and were dead at the time of the death of the deceased and that, therefore, the petitioner is entitled to the residue of the estate; that there are sufficient funds in the hands of the executor to pay his compensation and attorneys' fees and all other claims and expenses have been paid, and that the petitioner, being the sole residuary beneficiary under the will, is willing and ready to accept from the executor the transfer and assignment to him of all uncollected claims due the decedent's estate now in the hands of the executor and to release and discharge the executor on account thereof, and the petitioner therefore prayed for an order requiring the executor to file his final account of the estate, and, upon the hearing of the final account and the settlement thereof, that the residue of the estate, after paying all expenses of administration, be ordered delivered and transferred to the petitioner, and that the executor be required to deliver possession of the real property in his hands to the petitioner.

The executor answered, admitting the fact that there was a probate of the will and that he had paid the legacies to St. Joseph's Catholic Church and to Julien and denied the death of the brother and sisters of the petitioner and the right of the petitioner to participate in the estate and asserted his right to hold possession of the lands and to collect the rents and profits until he could locate the brother and sisters of the deceased within the time specified in the will. The answer also admitted that there were funds in the hands of the executor to pay his compensation

and attorneys' fees and that all of the claims and expenses of the estate had been paid.

There was a reply filed in which Michael O'Neill denied every objection to a final account but admitted that the estate was subject to an inheritance tax. Garrette M. Julien, Marie Julien, Ida Martin, Patrick Ryan and St. Joseph's Catholic Church of Salem also appeared as objectors to the petition.

The defense centered principally around the identity of Michael O'Neill as a brother of the decedent and upon the question of the death of the brother and sisters. The County Court found in favor of the petitioner as to the death of the brother and sisters and as to his identity as the sole heir of the deceased and ordered the executor to file a final account. The executor took an appeal from this order to the Circuit Court, which, after hearing the case on the record brought up from the County Court, affirmed the decree of the County Court, with the further finding that Michael O'Neill was the sole residuary beneficiary and entitled to the residue of the estate of the deceased. From this decree the executor appeals to this court.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. M. E. Pogue* and *Messrs. Smith & Shields.*

For respondent there was a brief over the name of *Mr. John Bayne.*

McBRIDE, C. J.—1. It is first claimed that this appeal should be dismissed for the reason that Garrette M. Julien, Marie Julien, Ida Martin, John Quirk, St. Joseph's Catholic Church of Salem, Oregon, and Patrick Ryan, who appeared to contest the identity and right of Michael O'Neill, have not been served with notice of appeal, but we hold that these parties are not

adverse parties within the meaning of Section 550 of the Code. An adverse party, within the meaning of this section, is a party whose interest and relation to the decree appealed from is in conflict with the modification or reversal sought by the appeal. The parties not served did not see fit themselves to appeal but abandoned the controversy and no modification or reversal here could affect them unfavorably. On the contrary, should the decree of the lower court be reversed, such a result would affect them favorably in that they would have still further opportunity to contest the claim of Michael O'Neill as the heir of the estate: *Watson* v. *Noonday Mining Co.*, 37 Or. 287 (55 Pac. 867, 58 Pac. 36, 60 Pac. 994).

2. We are of the opinion that the evidence indicates to a moral certainty that the petitioner is the sole heir of the deceased and that the brother and sisters mentioned in the will died during the decedent's lifetime, and while as a matter of precaution it is perhaps proper for the executor to secure a final decree of this court to protect himself hereafter there is no good reason to suppose that other claimants will ever present themselves. Under these circumstances it was proper for the petitioner to demand a final accounting and upon such accounting to have the residue of the estate turned over to him, as prayed for.

3. It is claimed that the inheritance tax has not been paid and the pleadings and testimony leave this in some doubt, but this is not any bar to a final accounting, as upon such accounting the court can require the inheritance tax to be paid before making a final disposition of the estate, and it will no doubt do so. The inheritance tax is just as much a part of the expense of the estate as any other claim, and it is admitted that the executor has sufficient funds in

his hands to pay all expenses. If it should turn out otherwise the County Court possesses ample authority to adjudicate the amount of the tax and to require the executor to pay it or to compel him to make a further accounting, as the nature of the circumstances may require.

We see no reason why this case should be further litigated and the order of the Circuit Court is affirmed. No costs will be taxed against appellant on this appeal, as it seems to have been only a matter of ordinary caution that he should have the sanction of this court before turning over the property.

AFFIRMED.