Submitted on briefs January 12, modified January 26, 1926.

IN THE MATTER OF THE ESTATE OF JAMES NEIL, DECEASED.

T. K. FORD, EXECUTOR, v. JOHN BAYNE, ADMINISTRATOR.

(242 Pac. 820.)

**Executors and Administrators — Taxes Paid by Executor in Good Faith, Though on Property Specifically Devised, may be Allowed on His Final Account.**

1. Where will on its face showed a lot to be part of residuary estate, though subsequently shown to have been covered by specific devise, taxes paid by executor in good faith thereon, under *ex parte* order from court without objection, should be allowed on his final account.

**Executors and Administrators—What Constitutes Extraordinary and Unusual Services Depends on Circumstances of Each Case.**

2. What constitutes "extraordinary and unusual services," for which extra compensation may be allowed to executor, under Section 1292, Or. L., depends on circumstances of each case, but extra compensation is not to be granted for duties ordinarily incidental to administration of estate.

**Executors and Administrators — Allowance of Extra Compensation Within Discretion of County Court, Whose Ruling not Disturbed in Absence of Abuse.**

3. Under Section 1292, Or. L., whether extra compensation should be allowed executor, and amount thereof, rests largely within discretion of County Court, whose finding will not be disturbed, unless there has been an abuse of discretion.

---

2. Right of executor or administrator to extra allowance for extraordinary services, see notes in Ann. Cas. 1913A, 1267; Ann. Cas. 1915A, 149. See, also, 11 R. C. L. 229.

Executors and Administrators—Five Hundred Dollars Held Reasonable Attorney's Fees, Under the Circumstances.

4. Five hundred dollars *held* to be a reasonable fee for executor's attorney for services in administration of $20,000 estate, involving extended litigation.

Executors and Administrators, 24 **C. J.**, p. 104, n. 96, 98, p. 110, n. 54 New, p. 989, n. 33, 35, 36, 37, p. 1003, n. 19.

From Marion: GEORGE G. BINGHAM, Judge.

In Banc.

MODIFIED.

For appellant there was a brief over the name of *Messrs. Smith & Shields.*

For respondent there was a brief over the name of *Mr. John Bayne.*

BELT, J.—This is an appeal from a decree of the Circuit Court affirming an order of the County Court disallowing certain items in an executor's final account in the administration of the estate of James Neil, deceased. In *Re James Neil Estate,* 107 Or. 156 (214 Pac. 338), this court held that Michael Neil, sometimes known as Michael O'Neill, was the sole heir of the deceased, and, as such was entitled to an order directing the executor, appellant herein, to file a final acount and to turn over to him the residue of the estate. Pursuant to mandate of this court, the executor filed his final account, and objection was made by respondent to the following items therein:

"Taxes on lot 7, block 37, McClure's Addition to the City of Astoria, Oregon, for the years 1918 to 1923, inclusive ......$  186.47
"Extra compensation claimed by executor subject to the approval of the county court ...........................   1,000.00
"Smith & Shields, attorneys, legal services   500.00"

Respondent contends that under the terms of the will, a copy of which is set out in *Re James Neil Estate, supra,* the lot in question was specifically devised to Garrette M. Julien, but was erroneously describ 1 as "Lot 7, in Block 7, McClure's Addition to Astoria, Oregon"; that the appellant knew the intention of testator in reference thereto, and that Garrette claimed the property under the will; and that the executor had no legal authority to pay taxes on such lot and to charge the same against the residuary estate.

Concerning the executor's claim for extra compensation, objection thereto was made for the reasons that no extraordinary or unusual services had been rendered in the administration of the estate and that such charge was exorbitant and unreasonable.

Relative to item of $500 for attorneys' fees, it was contended that $100 was a reasonable sum so to be allowed.

The County Court, after hearing, sustained each of the above objections, except the one pertaining to attorneys' fees, and in that regard allowed the sum of $400.

1. We think the executor should have credit for taxes paid. It is now established that this property belongs to Garrette M. Julien, but on the face of the record was a part of the residuary estate. It was not incumbent on the executor to reform the will. Each year petition was made to the court, and an *ex parte* order granted directing that such taxes be paid. No objection was made until the final account was filed. It is certain that the executor acted in good faith, and we believe, under the circumstances, it is just and proper to allow this item.

2, 3. Is the executor entitled to extra compensation? Looking to Section 1292, Or. L., we find that such "may be allowed by the court or judge thereof, for any extraordinary and unusual services not ordinarily required of an executor or administrator in the discharge of his trust." As to what constitutes "extraordinary and unusual services" depends upon the peculiar circumstances of each case, and no statement of a general rule for determining such matters is possible. It is certain that such allowance should not be made for performing any duty ordinarily incidental to the administration of an estate. It is also well established that whether extra compensation should be allowed and the amount thereof rest largely in the discretion of the County Court, and its findings in reference thereto will not be disturbed on appeal unless it clearly appears there has been a manifest abuse of such discretion: *In re McCullough's Estate,* 31 Or. 86 (49 Pac. 886); *Re Partridge's Estate,* 31 Or. 297 (51 Pac. 82); *Steel* v. *Holladay,* 20 Or. 464 (26 Pac. 562); *Re Estate of Carmody,* 163 Iowa, 463 (145 N. W. 16); 24 C. J. 989; Woerner's American Law of Administration (3 ed.), § 527.

We have carefully examined the record, and do not find the County Court abused its discretion in disallowing the executor such compensation. It is not deemed necessary to review the evidence upon which our conclusion is based, as to do so would unreasonably lengthen this opinion.

4. In view of the value of this estate, which is approximately $20,000, and the extended litigation in which it has been involved, we think $500 is, indeed, a reasonable sum to be allowed as attorneys' fees.

The decree of the lower court relative to taxes is reversed, as to extra compensation of the executor

it is affirmed, and concerning attorneys' fees it is modified.

Costs and disbursements are to be borne by the estate.                                    MODIFIED.