[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 212 
On the eleventh day of July, 1923, the Circuit Court of Multnomah County, Probate Department, made and entered an order directing the executor of the last will and testament of Thomas Prince, deceased, to pay C.M. Idleman, $40,000 attorney's fees for services rendered to the executor during the administration of said estate.
On the twenty-first day of July of the same year that court, as a part of the decree approving the final account of the executor, made and entered an order directing the executor to pay to C.M. Idleman *Page 213 
the attorney's fees mentioned for the services named.
The appellants served and filed a notice of appeal to this court from the order and decree of the probate court of July 11, 1923, and also, "from all that part of that certain order, judgment and decree fixing and determining the attorney's fees of Mr. C.M. Idleman, made and entered in the above entitled court and cause, July 21, 1923, in Probate Journal 121 at page 171."
Respondent moves to dismiss the appeal for the reason that the order appealed from is ancillary, interlocutory and not a final decree, that it is not an attempt to appeal from the final order and decree settling the final account. For the further reason the notice of appeal was not served upon all the parties interested, namely, Harold T. Prince, who appeared in the lower court.
Respondent in his brief states that "the appellants in order to confer jurisdiction upon this court should have appealed from the decree settling the final account." The order of the probate court of July 21, 1923, recites that there "came on for hearing the final account of H.F. Ong, executor of the last will and testament of Thomas Prince, deceased." It recites the appearance of the executor and the several interested parties, among them Harold T. Prince, by his guardian, William Rees, by his attorney and the usual provisions of a decree approving the final account of an executor, and among other things, in substance, that it further appearing to the court that C.M. Idleman has submitted a bill to said executor in the sum of $50,000 for services rendered by him as attorney for said executor and said estate and upon which there has been paid the sum of *Page 214 
$12,500 by said executor, and that the trustee under the last will and testament and the residuary legatees have appeared and filed objections to the allowance of the claim of C.M. Idleman, and the court, having heretofore heard the testimony in support of and against said claim, finds that the sum of $40,000 is a reasonable sum to be allowed Mr. C.M. Idleman as such attorney's fees, and directed the executor to pay that sum to C.M. Idleman.
It will, therefore, be seen that the part of the decree of the probate court of July 21, 1923, appealed from is a part of the order and decree approving the final account of the executor. Section 548, Or. L., which is part of Title 7, Chapter V, provides in part "that a judgment or decree may be reviewed, as prescribed in this chapter and not otherwise." An order affecting a substantial right which in effect determines the action or suit so as to prevent a judgment or decree therein, shall be deemed a judgment or decree for the purpose of being reviewed.
Section 549, Or. L., authorizes any party to a judgment or decree, other than a judgment or decree given by confession, or for want of an answer, to appeal therefrom. And Section 550, Or. L., directing the manner in which an appeal is taken, provides a party to a judgment, decree or final order or any order from which an appeal may be taken in any action, suit or proceeding, desiring to appeal therefrom, "or some specified part thereof," may give notice in the manner therein provided.
It is not questioned that the appellants could appeal from a portion of the order and decree, settling the final account of the executor. It is also unquestioned *Page 215 
that the Circuit Court of the State of Oregon from Multnomah County, sitting in probate, has the same powers and jurisdiction in probate matters that the County Court for that county formerly had; the main difference being that there is an appeal directly to the Supreme Court.
Section 945, Or. L., declares that the provisions of Chapter V, Title 7, relating to appeals, to a portion of which reference has been made, are intended to apply to the judgments and decrees of the County Court in all cases except its decisions made in the transaction of county business. See In re Barker, 83 Or. 702
(164 P. 382).
The notice of appeal covers both the order fixing attorney's fees of C.M. Idleman, entered July 11, 1923, and the order approving the final account entered July 21, 1923. It would seem as though it would make but little difference whether the interlocutory order of July 11, 1923, was mentioned in the notice of appeal or not. By Section 1285, Or. L., the final account of an executor or administrator is required to contain a detailed statement of the amounts of money received and expended by him; from whom received and to whom paid, and refer to the vouchers for such payments, and the amount of money and property, if any, remaining unexpended. Upon filing the final account the court is directed to appoint a day for the hearing of objections to such final account and the settlement thereof. Notice of such settlement is required to be published. By virtue of Section 1286, Or. L., an heir, creditor or other person interested in the estate may file his objections thereto or to any particular item thereof. Under Section 1287, Or. L.: *Page 216 
"Upon the final hearing the court shall give a decree allowing or disallowing the final account, either in whole or in part, as may be just and right; and such decree in any other action, suit, or proceeding between the parties interested or their representatives is primary evidence of the correctness of the account as thereby allowed and settled and the court shall also make an order setting forth the names and ages of the heirs and legatees of such estate and such order shall be prima facie
evidence of the facts set forth therein."
A decree rendered by a probate court pursuant to this section is a final decree from which an appeal will lie: Re Roache'sEstate, 50 Or. 179, 190 (92 P. 118); In re Barker, supra; Inre Mills' Estate, 40 Or. 424 (67 P. 107); State v. O'Day,41 Or. 495 (69 P. 542); Bellinger v. Ingalls, 21 Or. 191
(27 P. 1038); Steel v. Holladay, 20 Or. 462 (26 P. 562). The question in Re Mills' Estate was whether an attorney whose claim for fees had been allowed after objections to that portion of the final account had been duly tried was a "creditor of the estate" within Hill's Ann. Law, Section 1094, so as to enable him to petition for the removal of the administrator. The court held in a situation parallel to that at bar that the attorney was a creditor of the estate. The court said at page 430, 40 Or.:
"While the claim of an attorney for services rendered to an executor or administrator is originally against the representative of the estate, when examined, approved, and allowed by the county court, it becomes a claim against the estate; but, having been made without notice to the creditors, and upon an ex parte application therefor, the order making the allowance is interlocutory, and upon objection thereto may be subsequently modified or set aside by the court upon the final settlement of the estate, *Page 217 
or upon its refusal to do so, by the circuit court or supreme court upon appeal. Osborn's Estate, 36 Or. 8 (58 P. 521);Hollis v. Caughman, 22 Ala. 478. Knight's claim was examined and allowed December 11, 1891, by Mills as administrator, who was authorized to employ an attorney when necessary, and under the statute had power to bind the estate to pay for his services such a sum as they were reasonably worth. * * If it (the claim) has been allowed in the manner prescribed by law, he is a creditor of the estate."
A notice of appeal should enable the court, from a fair construction thereof, by a resort to the transcript, to determine that the appeal is taken from the judgment or decree in a particular case: Keady v. United Rys. Co., 57 Or. 327
(100 P. 658, 108 P. 197). By an examination of the transcript in the present case it is found that the decree of July 21, 1923, was a decree settling the final account of the executor. The notice of appeal is sufficient in this respect to show that the appeal is taken from a part of a final decree, although the notice of appeal does not mention that the decree was rendered in the settlement of the final account.
It is also contended that the notice of appeal, not having been served upon Harold T. Prince, was defective. Section 550, subdivision 1, provides in part that if the appeal is not taken at the time the order, judgment or decree is rendered, then the party desiring to appeal may cause a notice to be served on such adverse party or parties as have appeared in the action or suit.
Harold T. Prince appeared in the proceeding in the probate court and was a party to the decree. The question here is, Was he an adverse party within *Page 218 
the meaning of Section 550, Or. L.? Under this section an "adverse party" entitled to notice of appeal is every party who has appeared in the action or suit, and whose interest in the judgment or decree appealed from is in conflict with a modification or reversal sought by the appeal. Every party interested in sustaining the judgment or decree is an adverse party: In re Waters Chewaucan River, 89 Or. 659 (171 P. 402, 175 P. 421); Smith v. Burns, 71 Or. 133 (135 P. 200, 142 P. 352, Ann. Cas. 1916A, 666, L.R.A. 1915A, 1130).
Harold T. Prince was a legatee under the will of Thomas Prince, deceased, and by his guardian filed objection in the probate court, and resisted the claim of respondent. A reversal or modification of the decree could not in any way injuriously affect his interest. He is not interested in sustaining the decree from which the appeal is taken. He is not an adverse party within the meaning of Section 550, Or. L. It was not necessary to serve the notice of appeal upon him in order to confer jurisdiction upon this court: Young's Estate, 59 Or. 348
(116 P. 95, 1060, Ann. Cas. 1913D, 1310). In so far as the record discloses, a change in the decree as sought by the appeal would be favorable to the interest of such legatee.
There was a compliance with the statute relating to the notice of appeal; therefore, the motion to dismiss the appeal is denied.
MOTION DENIED. *Page 219 
 ON THE MERITS. (246 P. 713.)
This appeal was taken from the decree of the Circuit Court allowing the sum of $40,000 as attorney fees to C.M. Idleman, who was attorney for about fifteen months for H.F. Ong, executor of the last will and testament of Thomas Prince, deceased. The controversy in the Circuit Court arose over the final account of the executor, to whom General Idleman had presented a claim of $50,000 for said services. The executor neither allowed nor rejected the claim, but presented the matter to the judge of the Circuit Court in probate, requesting that a proper allowance be made for the services rendered by General Idleman. The estate consisted of real and personal property in the State of Oregon, which was appraised in the sum of about $315,000, and of personal property, consisting principally of stock in corporations in the State of Massachusetts appraised in the sum of over $800,000, and a small amount of similar property in the State of New York. The testimony consists of the opinion of eight reputable lawyers of unquestionable standing and experience at the bar of Oregon residing in Portland. Their testimony was given in response to a hypothetical question purporting to briefly state the services rendered by General Idleman and covering twelve pages of typewritten matter. The services were estimated to be worth from forty thousand to fifty thousand dollars. One attorney stated that a sum of $65,000 and another that $75,000 would not be unreasonable. The executor, trustee for residuary legatees and devisees, *Page 220 
produced only one witness, an attorney of equal standing to the attorneys produced by the claimant, who testified that the services rendered, as stated in the hypothetical question propounded to him, were reasonably worth $15,000. The principal difference in the questions propounded to the attorneys who were witnesses for General Idleman and the attorney for the other interested parties was that in the former the hypothetical question assumed that General Idleman had the responsibility of advising and directing the executor in the administration in the State of Massachusetts as well as the State of Oregon, while the latter question assumed that the services of General Idleman were limited to the State of Oregon substantially. The evidence and hypothetical questions are too long to be incorporated in this opinion and would be of no general benefit to the profession. The circuit judge, who was familiar with the work performed and services rendered by General Idleman, fixed the compensation at $40,000.
MODIFIED AND AFFIRMED.