Argued March 11; affirmed April 22, 1941

## In re Johnson's Estate
## LINDSTEDT *v.* KARLSSON et al.

(112 P. (2d) 468)

Before KELLY, Chief Justice, and RAND, BELT, ROSSMAN and LUSK, Associate Justices.

*Lars R. Bergsvik* and *B. G. Skulason,* both of Portland, for appellant.

*Waldemar Seton, Jr.,* of Portland, for respondents.

BELT, J. This is an appeal from an order fixing the amount of executor's fees and attorney's fees for services rendered in the administration of the estate of Louis Johnson, deceased.

Louis Johnson died testate on January 14, 1937, leaving an estate having an appraised value of $23,-581.20, consisting of cash, excepting a lot appraised at $160 and certain items of personal property valued at $7.50. The testator, after making several bequests to nieces and nephews in Sweden, disposed of the residue of his estate as follows: One half to the children of a deceased brother, share and share alike, and the other half to the children of a deceased sister, share and share alike. One of the sister's children is Emil Johnson. The will was admitted to probate in common form and on June 17, 1937, an order was made fixing attorney's fees for Lars R. Bergsvik and executor's fees, each in the sum of $590. On June 1, 1938, on petition of the executor, and after ex parte hearing, an order was entered allowing the executor and the attorney for the estate each an additional $1,000, for alleged special and extraordinary services. The basis of the claim for additional compensation was preparation to resist a threatened contest of the will by Emil Johnson on the ground that the testator lacked mental capacity. No contest was ever filed. On objections to the final account, the court, on July 15, 1940, after hearing, reduced the fees previously allowed, fixing the executor's fees at $600, and the attorney's fees at $750. It is from such order that the executor appeals.

■ It is well settled that the determination of such fees is a matter resting within the sound legal discretion of the probate court and its findings in reference thereto will not be disturbed on appeal unless it clearly appears

that there has been an abuse of discretion: *In re Estate of Neil,* 117 Or. 76, 242 P. 820; *Re Thomas Prince Estate,* 118 Or. 210, 221 P. 554, 246 P. 713.

After consideration of the record, we fail to see wherein the executor or the attorney has rendered services of such character as to warrant the allowance of additional compensation. There was no serious threat to contest the will and we doubt whether the executor or the attorney had reasonable grounds for believing that any contest would be made. Why should Emil Johnson seek to set aside the will? Under the will his distributive share would amount to approximately $2,200. In the event the will was set aside, he would receive only about $1,500. Mr. J. Thorburn Ross, attorney for Johnson—called as a witness for the executor—testified that he never had any intention of contesting the will. Johnson's real complaint concerned the manner in which the estate was administered. More than three years elapsed before this simple estate was completely administered and he had good reason to complain of the delay. He certainly had no reason, so far as the record discloses, to assert that his uncle was mentally incapacitated to execute a will.

█ █ The attorney and the executor were amply compensated for the services rendered. We see no abuse of discretion exercised by the trial court in reducing the compensation. The only objection we see to the order from which this appeal is taken is that it failed to sustain the objections to the final account in their entirety, but since no cross appeal has been filed, it will, of course, not be modified.

The order is affirmed.