## JOSÉ PRATS *v.* HIS CREDITORS.

A mortgage obtained by a creditor who knew of the insolvency of the debtor at the time, is null as to other creditors, so far as it gives the mortgagee any advantage over them, though executed more than three months before the failure. C. C. 1979. Where the only objection to such a contract is the undue preference, the action to rescind is prescribed by one year.

A fraud perpetrated by the machinery of a judgment, where the court was made the unconscious instrument, is as liable to be annulled as when effected in the usual form of a contract.

APPEAL from the Parish Court of New Orleans, *Maurian,* J. *Bodin,* for the appellant.

*L. Janin,* for the syndics.

BULLARD, J. On the presentation of a second tableau of distribution by the syndics of the insolvent, his son-in-law, Vionnet, made opposition, on the ground that he was a mortgage creditor of the insolvent, by an act granting a special mortgage, dated 13th of April, 1839, to secure to him the payment of two notes of six thousand dollars each, which had not been placed on the tableau.

The syndics answer this opposition by alleging, that the mortgage relied on and set up by the opponent, is null and void, having been made without any consideration, and for the purpose of defrauding the creditors of Prats, and by connivance with and for the advantage of said Prats, who is the father-in-law of the opponent. They further say, that if there was any consideration for said mortgage, the opponent knew, at the time the same was executed, that Prats was insolvent.

The Parish Court dismissed the opposition, and the opposing creditor appealed.

It was clearly shown, that at the date of the act of mortgage, which was about three months and a half before the surrender, Vionnet knew of the insolvency of Prats ; and it is not now even pretended, that the twelve thousand dollars, stated in the mortgage to have been loaned and advanced were so in reality. It is, on the contrary, attempted to be shown, that another sum was due on account of a schooner called the Tragomillas, sold in Cuba as the property of Vionnet. Admitting for the sake of this argument, that Vionnet was a creditor of Prats, which he cannot well deny, the question occurs, whether, having obtained a mortgage with a knowledge of the insolvency of his debtor, it is not null as to creditors, so far as it gives the opposing creditor, or mortgagee, any advantage over the other creditors of the insolvent.

Since the decision in the case of *Brandice* v. *His Creditors,* 4 La. 247, and that of *Rhodes & Peters* v. *Beaman & Waters,* in the 10th vol., p. 363, we can hardly regard this as an open question. Indeed, it is difficult to imagine what other construction could be given to article 1979 of the Civil Code, which declares, in so many words, that "every contract shall be *deemed* to have been made in fraud of creditors, when the obligee knew that the obligor was in insolvent circumstances, *and* when such contract gives to the obligee, if he be a creditor, any advantage over other creditors of the obligor." It is true, as remarked by the counsel for the appellant, that no contract is to be set aside, however fraudulent it may be, unless it operates a prejudice to creditors. But, in the present case, the insolvency of the debtor is manifest ; and if, by virtue of this contract, Vionnet is to be paid in preference to ordinary creditors, it is in derogation of their right to participate equally in the common pledge, and consequently the contract is fraudulent as to them.

But the great argument of the counsel for the appellant is grounded upon the fact, that this contract was not entered into within three months preceding the insolvency, and therefore, is not treated as a nullity, under the insolvent laws of this State. He contends for the following proposition as a corollary from article 3323, to wit: that "although a creditor knew of the insolvent circumstances of his debtor when he accepted from him a mortgage to secure an unjust debt, yet the contract is not invalid,

if passed more than three months before the failure." If this proposition were true, those articles of the code, which establish the prescription of one year in relation to the revocatory action, would be wholly useless. It would be, in effect, substituting a prescription of three months in lieu of it. Article 3323 which the counsel supposes sustains him, declares, that " mortgages given and inscribed within three months previous to the failure of the debtor shall be declared null *as presumed to be given* in fraud of other creditors, unless the person in whose favor the mortgage was granted, shall prove that he paid in obtaining it a real and effective value at *the moment of the contract.*" This article merely establishes a presumption of fraud, and then points out the proofs by which it may be repelled. The burden of proof is upon the party claiming under the mortgage. Now, the utmost that can be said, as the converse of such a proposition, would be, that if the mortgage were given more than three months before the failure, it shall *not be presumed fraudulent*—throwing the burden on the other side.

The other article, (1979,) establishes another presumption of fraud against every contract, which may be the subject of the revocatory action, when the obligee knew that the obligor was in insolvent circumstances, and when such contract gives to the obligee, if he be a creditor, any advantage over other creditors. Here is no limitation of time ; that limitation is regulated by other provisions of the code which relate to prescription ; and we have holden, on more than one occasion, that when the only objection to the contract is an undue preference, the action is absolutely prescribed by the lapse of one year from the date of the contract. Within the year, the contract is liable to be annulled.

An argument is drawn from articles 3325 and 3326, in relation to the inscription of judgments against insolvent debtors. The latter article declares absolutely null, an inscription of a judgment after the failure, or on the day preceding it. The former makes its validity depend on the manner in which the judgment was recovered, if inscribed within ten days preceding the failure. But a fraud, perpetrated by the machinery of a judgment, when the courts themselves are made the unconscious instruments, is as liable to be questioned, and annulled, as when effected in the usual forms of a contract.

We conclude, that the court did not err in dismissing the opposition.

*Judgment affirmed.*