## BLODGET, CLARK & BROWN v. HOGAN & GUYOT.

An agreement by which one creditor obtains from his debtor an illegal preference over the other creditors of the debtor, will be set aside, although the agreement may have been carried out through the instrumentality of the Courts.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Magne* and *Koontz*, for plaintiffs and appellants. *Grivot* and *T. A. Clarke*, for defandants.

BUCHANAN, J., (OGDEN, J., and VOORHIES, J., absent.) The petitioners allege that they are creditors of the defendant, *Guyot;* that *Guyot* being also indebted to the defendant, *Hogan*, made an agreement with the latter, by which the

stock in trade of *Guyot* (the parties being all dealers in hardware,) was to be deposited with *Hogan* for sale, and the proceeds appropriated, pro rata, to the satisfaction of the debts due by *Guyot* to the plaintiffs and to *Hogan* respectively, those parties being the only creditors of *Guyot;* that *Guyot's* stock in trade was delivered to *Hogan;* but that, afterwards, the defendants, with the view of defrauding plaintiffs, and of giving an unjust preference to *Hogan*, had a collusive judgment entered up by confession, under which the merchandize deposited with *Hogan* by *Guyot*, was seized and sold by the Sheriff. The petition alleges the insolvency of *Guyot* at the time of these transactions to the knowledge of *Hogan;* also, that a large portion of *Guyot's* stock in trade thus sold by the Sheriff, had been purchased by *Guyot* of the plaintiffs. Plaintiffs pray for judgment against *Guyot* for the amount of his debt to them; that it be decreed, that plaintiffs have a privilege on the proceeds of the property sold; that the Sheriff be enjoined from paying over the proceeds of the sale until the further order of the court; that the judgment of *Hogan* against *Guyot* be annulled, as to petitioners, and for general relief. The evidence establishes to our satisfaction the truth of the allegations of the petition. The original agreement between the defendants for the surrender of the property of *Guyot* to *Hogan*, in order to its being applied in satisfaction of the claims of plaintiffs and *Hogan*, *pro rata*, is proved by two witnesses. The deposit of *Guyot's* stock in trade with *Hogan*, the suit and judgment of *Hogan* against *Guyot*, and the seizure and sale in execution of that judgment, are to be considered as one operation, having for its object the giving a preference to *Hogan* over the plaintiffs, in legal fraud of the rights of the latter. The insolvency of *Guyot* and its knowledge by *Hogan*, are proved by the very terms of the contract. The state of facts is one which admits, most clearly, of the application of the revocatory action. Not only contracts which dispose of property, says the Civil Code, Article 1984, but all others which are made in fraud of creditors, and deprive them of their recourse upon the property of their debtor, come within the provisions of the section of the Code which treats of this action. In the case of *Prats* v. *His Creditors*, 5th Robinson 288, the court held "a fraud perpetrated by the machinery of a judgment, when the courts themselves are made the unconscious instruments, is as liable to be questioned and annulled, as when effected by the legal forms of a contract;" and in *Stone* v. *Kidder*, 6th Annual 552, the court said "every fraudulent device, contrivance or artifice, by which a creditor may have been injured, and from which a fraud upon his rights is practiced, is reached and remedied by this action."

It is therefore adjudged and decreed, that the judgment of the District Court be affirmed as to defendant *Guyot;* that as to defendant, *Hogan*, the judgment be reversed; and it is further decreed, that plaintiffs, *Blodget, Clark & Brown*, recover of *L. E. Guyot*, fifteen hundred and eight dollars, thirty-eight cents, with legal interest from the 3d March, 1853; that the injunction herein issued, be perpetuated; that the judgment in the case of *J. S. Hogan* v. *L. E. Guyot*, No. 6451 of the docket of the Fifth District Court of New Orleans, rendered on the 8th February, 1853, be avoided as to its effect upon the plaintiff; that the proceeds of Sheriff's sale under execution in said suit be applied to the payment of the judgment rendered in favor of plaintiffs against *L. E. Guyot;* and that the defendants and appellees, *J. S. Hogan* and *L. E. Guyot*, be condemned, jointly and severally, to the payment of the costs of the present suit in both courts.