No. 3129.—SUCCESSION OF ANTOINE DECUIR, deceased—On Rule by Creditors against the Administratrix.

To enable a creditor to have an administratrix of a succession removed from office, it must be alleged and shown that the creditor has been injured by the misappropriation or maladministration (by the administratrix) of the property or funds of the succession.

APPEAL from the Parish Court, parish of Pointe Coupée. *Bouanchaud*, Parish Judge. *Thomas J. Cooley* and *F. H. Farrar*, for plaintiffs and appellants. *Haralson & Claiborne*, for administratrix and appellee.

TALIAFERRO, J. This is a proceeding taken by sundry creditors to procure from the Parish Court of Pointe Coupée an order removing from office the administratrix of the succession of Antoine Decuir on the alleged ground of failure to file annual accounts of her administration, and that the sureties on her bond for the administration of the estate are insolvent. In answer to the rule taken the administratrix avers the solvency and sufficiency of her sureties to cover any liabilities that may arise on account of her administration. She admits that she has not filed an account of her administration, but is prepared to do so if allowed a reasonable time. She alleges that the inventory under which she gave bond, is composed principally of landed estate appraised much higher than the present market value thereof; prays that a new inventory and appraisement may be made, and avers her readiness and ability, if required, to furnish satisfactory security for her administration.

The parish judge after hearing the parties and considering the evidence adduced, refused an order destituting her from office, but retained her in office on condition that she furnish sufficient security on her bond and file an account of her administration on or before the fifteenth of December, 1870, the decree being rendered on the third of that month.

From this judgment the creditors have appealed. There is a mass of evidence showing the insolvency of certain parties, who, it seems, are her bondsmen. The evidence shows, however, that some of them own small amounts of property, and it is not shown that they are insolvent. But we find no sufficient data in the record to enable us to arrive at a satisfactory conclusion that the plaintiffs have made out such a case as entitles them to the stringent order they pray for. They do not allege, much less show that they have been injured by the failure of the defendant to file an account; no mal-administration nor misappropriation of the property or funds of the estate is shown or alleged. There is nothing in the record showing the value of the estate, no copy of the inventory or appraisement is given, and the amount of the bond of the administratrix is not shown. We are not prepared to say the decree of the parish court should be changed.

It is therefore ordered that the judgment of the parish court be affirmed with costs.