## No. 5062.

### SUCCESSION OF W. O. WINN—O. K. HAWLEY, Public Administrator, *v.* M. E. RICHARDS, Executrix.

The interference of the public administrator in this instance, on whose application defendant was removed from her trust as executrix, and himself appointed dative testamentary executor, was officious, and the judgment is erroneous. This is not a vacant succession; neither had the person appointed executrix failed to qualify, nor had she been removed, nor had any of the creditors asked for her removal.

APPEAL from the Parish Court, Parish of Rapides, *Ledoux, J. R. J. Bowman*, for plaintiff and appellee. *M. Ryan*, for defendant and appellant.

LUDELING, C. J. In May, 1870, John S. Mayfield, claiming to be a creditor for $45,000, took a rule in the parish court to compel Mrs. Richards, the testamentary executrix, to render an account and to pay the debts of the estate. The executrix denied that Mayfield was a creditor of the estate, and alleged that the parish court had no jurisdiction to decide upon Mayfield's claim *ratione materiæ*. The court admitted evidence to show that Mayfield was a creditor, and ordered the executrix to render an account, but decided that the parish court had no jurisdiction over his claim. From the order to render an

account an appeal was taken. The executrix failed for some time to render the account, whereupon the public administrator asked to be appointed dative testamentary executor, as the testamentary executrix was in contempt of the court. Shortly thereafter, the executrix filed an account which was ordered to be advertised. The public administrator then filed an exception to the filing of said account, on the grounds that she was not the qualified representative of the estate, being in contempt of the court.

Some of the creditors of the succession filed oppositions to the account, but none of them asked for the dismissal of the executrix.

There was judgment removing the executrix from her trust and appointing the public administrator dative testamentary executor, and the executrix has appealed.

The interference of the public administrator in this litigation is officious. This is not a vacant succession; nor had the person appointed executrix failed to qualify, nor had she been removed. Neither did any of the creditors ask for her removal. In a proper case, should it be brought before us, we will decide whether or not cause for the removal of the executrix exists; but we can not do so at the suit of a stranger to the succession, showing no interest in it whatever.

It is therefore ordered and adjudged that the judgment of the lower court be reversed, and that there be judgment in favor of the executrix rejecting the demands of the public administrator, with costs in both courts.