FOURNET, Justice.
 

 The relator, Walter J. Wright, made application to be appointed administrator, aijd after due public notice had been given according to law, there being no opposition, on January 9, 1935, he was appointed administrator of the succession of Sidonia Berdennagel, wife of, and Edgar F. La Rouge, conditioned upon his complying with the requisites of the law. Relator took the oath of office on the 23d day of February, 1935, and filed the same on the 26th of the same month, together with his bond, and at the same time obtained an order of court homologating the inventory of the property and assets of the succession which had been filed the preceding day.
 

 On the 27th day of February, 1935, the judge of division C of the civil district court for the parish of Orleans signed the following judgment:
 

 “ * * * Now, Know Ye, That, Walter J. Wright has been and he is hereby appointed administrator of the said above named succession and that he has fulfilled all requisites of law.”
 

 Upon the motion of respondent, Emile F. La Rouge, a rule was issued on July 19, 1935, ordering relator to show cause “why his appointment as administrator should not be declared forfeited and vacated and why an administrator should not be appointed.” The ground upon which this rule was brought was that relator had suffered ten days to elapse after his appointment without furnishing the security required by law.
 

 In response to the rule, relator filed exceptions of no cause or right of action and, in the alternative, a plea of estoppel.
 

 The matter was heard before the presiding judge of division A of the civil district court, who rendered judgment on July 31, 1935, making the rule absolute. On August 2d relator filed a rule for a new trial, which was denied by the judge of division^ who was then presiding judge.
 

 The matter is now before us for review on writs of certiorari and prohibition granted by this court.
 

 
 *401
 
 Article 1041 of the Revised Civil Code is the law relied upon by respondent, Emile F. La Rouge, as a cause of action for the removal of the administrator, and reads as follows:
 

 “As soon as the inventory or inventories of the succession are finished, the judge of the place where the succession is opened, shall name an administrator to manage the property thereof, and oblige him to give good and sufficient security for the fidelity of his administration, unless the administrator prefer to furnish, in the stead of this security, a special mortgage on unincumbered property of a value sufficient to serve as a guarantee for his administration.
 

 “If the person appointed administrator shall suffer ten days to elapse after his appointment, without furnishing the security required, the judge shall forthwith and ex officio appoint a successor, as if no such administrator had been appointed.”
 

 This court has repeatedly held that whether an administrator is legally or illegally appointed, having qualified and entered upon the duties of the office, he must be treated as lawfully appointed until his office has been judicially revoked. Succession of Robertson, 49 La. Ann. 80, 21 So. 197; Succession of Dougart, 30 La. Ann. 268; In re Altemus’ Estate, 32 La. Ann. 364; Rizzoto et al. v. Grima et al., 164 La. 1, 113 So. 658.
 

 Articles 1017 and 101S of the Code of Practice provide the method of bringing and prosecuting actions for the removal of administrators and the persons entitled to institute such proceedings.
 

 Article
 
 1017:
 
 "The action for the removal of the tutor or curator of a minor, shall be commenced by petition and citation, and the matter shall be conducted in the usual form.”
 

 Article 1018: “The removal of curators of vacant estates and absent heirs, and that of testamentary executors, or other administrators of successions, may be prayed
 
 by any heir, creditor, or other person concerned,
 
 and the suit be conducted in the same manner as above.” (Italics ours.)
 

 Counsel for respondent contend that relator having pleaded exceptions of no cause or right of action and a plea of estoppel, that all rights .which he (relator) might have had to attack the form of the procedure was thereby barred and waived, and that it was too late to file any objection to the form of pleadings in a motion for a new trial as such exceptions must be made in limine litis.
 

 The motion of respondent, Emile F. La Rouge, does not disclose that he is an
 
 "heir, creditor, or other person concerned.”
 
 in accordance with the provisions of article 1018 of the Code of Practice, and we are, therefore, of the opinion that the exceptions of no cause or right of action should have been sustained. Carroll, Hoy & Co. v. Huie, 21 La. Ann. 561; Succession of Antoine Decuir, 23 La. Ann. 166; Succession of W. O. Winn, 26 La. Ann. 162; and Succession of Burnside, 34 La. Ann. 728.
 

 
 *403
 
 Under the circumstances, it is unnecessary for us to consider the other propositions raised in the case.
 

 For the reasons assigned, the writs of certiorari and prohibition herein granted are perpetuated, and it is now ordered, adjudged, and decreed that the judgment of the district court, dated July 31, 1935, be and the same is hereby annulled and set aside; relator’s exceptions of no cause or right of action maintained; and the rule of respondent, Emile F. La Rouge, dismissed at his costs.