## HEBERT et al. v. HEBERT et al.

### No. 1949.

Court of Appeal of Louisiana. First Circuit.

March 22, 1939.

T. Arthur Edwards, of Lake Charles, for appellants.

Gilbert H. Graham, of Lake Charles, for appellees.

LeBLANC, Judge.

Daniel Hebert and Mrs. Mary Bertrand Hebert, his wife, both died intestate in the Parish of Jefferson Davis in the month of October, 1934. On November 7, 1935, Jake Hebert, one of their sons, provoked an administration of their successions, jointly, on the ground that there were debts due by their estates and in his petition which he presented to the district court he asked that he be appointed administrator upon complying with the requisites of the law.

In his petition he also represented to the court that the property left by the decedents, both real and personal, amounted

to less than $500 in value, with the intention no doubt of obtaining the advantages offered by the provisions of Act No. 153 of 1900, as amended by Act No. 70 of 1906, under which the costs of administering estates of a value less than that amount are materially reduced.

The application was duly published and no opposition having been filed, in due time he was appointed administrator upon condition that he furnish bond in the sum of $500. He procured a bondsman and upon taking the necessary oath on December 13, 1935, letters of administration were issued in his name.

The proceeding thus instituted by him lay dormant from that date until June 7, 1937, or a period of eighteen months, when he presented a petition to the court in his capacity as administrator in which he alleged that there were ordinary and privileged debts due by the succession and that it therefore became necessary that "some of the assets be sold". He alleged that there were some 17,500 feet of timber on the land belonging to the succession for which he had been offered $100 cash. He averred further however that in his individual capacity he owned five acres of the land which he had acquired from Daniel Hebert and paid $100 for, and that he desired to keep the proceeds from the sale of those five acres separate from the other in order that proper accounting might be made.

During the interval of the eighteen months just referred to, or to be exact on June 15, 1936, in a different proceeding altogether, another petition in which all of the heirs of the decedents appear as parties was presented to the district court setting out the death of Daniel Hebert and his wife, and alleging that there were no debts due by their estates and therefore no administration necessary, they asked to be recognized as heirs and as such sent in possession of the only property consisting of a tract of land, the same as was described in the other proceeding without taking into account however the deduction of the north five acres claimed by Jake Hebert therein. As described in this petition the tract is said to contain twenty acres, more or less, with improvements and is said to be worth $250.

A rule was taken on the Sheriff of the the parish who is ex-officio the inheritance tax collector and it appearing that no such tax was due, judgment was rendered and signed recognizing the petitioners as heirs and placing them in possession of the property. That judgment was signed June 16, 1936, was duly filed for record and was recorded in the parish conveyance records on the same day as appears from the certificate of the deputy clerk of court endorsed on the back of it.

After the rendition of that judgment and its recordation in which he with his coheirs had been placed in possession of the whole property, Jake Hebert, as has already been noted a year after, petitioned the court in the original proceeding instituted by him to sell the timber off the property in order to pay ordinary and privileged debts due by the succession, as alleged by him, and also claimed in his own name the proceeds from the sale of the timber on the north five acres of the tract of land as having purchased the land from his father. On the allegations as made by him, the district judge granted the order for the sale as prayed for.

It seems impossible to reconcile the representations made to the lower court in these different proceedings. Up to this stage three different district judges acted on the matters presented and the only way the conflict which is apparent on the face of the proceedings themselves can be explained, we think, is in the changes that were taking place at the time in the personnel of the judges who presided over the district court.

The sale of the timber as ordered was duly advertised and in due time the timber was sold by Jake Hebert as administrator, at public sale, and was adjudicated to one Eric Savant for $77.20. Without having filed any account whatever, indeed, without ever having produced a list of the debts alleged by him, the so called administrator on November 17, 1937, again presented a petition to another of the judges of the district court in which he set out once more that there were ordinary and privileged debts due by the succession and this time he asked for an order for the sale of the property itself, excluding the five acres which he claimed as his own. The order was granted and in due course of proceedings the property was sold at public sale by the administrator on December 13, 1937, and this time adjudicated to himself for $107.

No account was again filed and such was the status of the proceeding when on January 22, 1938, seven of the heirs of

Daniel Hebert and wife instituted a suit in the district court to have all the proceedings had in the succession as administered by Jake Hebert set aside as being null and void, and also to have his appointment as administrator vacated and set aside in order that proper proceedings may be conducted in the manner and form provided by law. In connection with their other demands they also asked that the claim of the said Jake Hebert to five acres of the land belonging to the succession be denied as well as any other claims made by him. In their petition in which they seek this relief, plaintiffs set out numerous acts of fraud said to have been committed by the said Jake Hebert, among them the following: That he imposed on the court in seeking to obtain the benefits of Act No. 153 of 1900 by fraudulently representing to it that the entire estate of the decedents was of a value less than $500 when as a matter of fact the real estate itself was worth more than that and in addition there was personal property consisting of hogs and cattle worth more than $500; that he falsely and fraudulently claimed to be the owner of five acres of landed property, having no title whatever to any of it; that he obtained a fraudulent appraisement of the timber on the property in order to have it sold and on information and belief it is further alleged that he and Eric Savant acted in collusion in effecting the said sale; that he fraudulently and unlawfully employed one Willie Pharris to counterbrand some fourteen head of cattle belonging to the succession with his own brand, and later sold some of the said cattle and appropriated the money to his own use; that the bond filed by him as administrator is a straw bond and was improperly executed; that he never has filed a list of the debts alleged by him as being due by the succession nor has he ever filed any accounting of his administration.

The district judge sustained an exception of no cause or right of action filed to the petition of the plaintiffs, dismissed their suit, and they have appealed.

There were written reasons for judgment filed indicating that the exception was sustained on the presumption of the validity of the succession proceedings which were attacked, as on their face they appeared to be regular and in order. Especially did the court seem to think that the plaintiffs, by filing the petition they did asking to be placed in possession of the property and in which they alleged the value thereof to be $250, had estopped themselves from questioning the validity of the proceedings under Act No. 153 of 1900, as amended by Act No. 70 of 1906. It is stated also that due notice and advertisement of all proceedings taken was properly given and none were ever opposed. Finally it is suggested that plaintiffs may, if they desire, oppose the account of the administrator when the same shall have been filed and offered for homologation.

■ Taking up the suggestion just mentioned the first reaction we get is that it is the very failure of the administrator to have filed an account so far that is urged as one of the serious grounds on which his removal is sought. As already pointed out, the administrator obtained an order for the sale of the timber on the property on June 7, 1937, in order, as alleged by him, to pay ordinary and privileged debts of the succession. The sale was had on July 21, 1937, and to date there seems to have been no accounting filed showing the distribution of the proceeds of that sale. The sale of the property itself, asked for again in order to pay debts, was ordered and had on December 13, 1937, and again there seems never to have been any accounting filed. It would seem, therefore, that on this point, on the face of the proceedings themselves, plaintiffs have cause for complaint.

■ It must be borne in mind moreover that in addition to having the alleged illegal proceedings so far had all set aside on the ground of fraud, that the suit has for its purpose the removal of the administrator by reason of the fraudulent acts alleged to have been committed by him, and plaintiffs, as heirs, are within their rights in having instituted this proceeding by direct action against him. That is the method pointed out in the Code of Practice by Articles 1017 and 1018. The first of these articles reads as follows: "The action for the removal of the tutor or curator of a minor, shall be commenced by petition and citation, and the matter shall be conducted in the usual form" and the succeeding article then provides that "The removal of curators of vacant estates and absent heirs, and that of testamentary executors, *or other administrators of successions,* may be prayed by *any heir,* creditor, or other person concerned, and the suit be conducted in the same manner as above."

(Italics ours). See, also, Succession of Berdennagel, et al., 183 La. 398, 163 So. 843.

We are of the opinion however that even in its attack on the succession proceedings themselves, the petition contains allegations of fraud against the administrator and collusion with others, as well as other irregularities, sufficient to support a cause of action. If, for instance, the administrator has, as alleged, falsely and fraudulently claimed five acres of the property of the succession and the proceeds from the sale of the timber thereon, and, if, as also alleged, he was in collusion with a third party to have an improper and illegal adjudication made at the sale of the timber, such acts and the many others alleged, if proven, may strike at the very validity of the proceedings. It will not do merely to say, in answer to the charges of fraud made, that the plaintiffs had themselves in a petition presented to the court alleged that the only property owned by the succession was valued at $250. Their present petition, if true, now discloses that there was other property of a value of more than $500. Nor should the charges of fraud that are made remain unchallenged on the presumption of legality which attaches to the proceedings that were carried on under orders of the court.

As we construe these allegations of fraud, they are to the effect that in most instances, through the artifice and fraud of the so called administrator, the court was imposed upon. In the case of Macready and Burke, Ex'rs, v. Charles H. Schenck et al., 43 La.Ann. 479, 9 So. 470, 472, the court stated: "Fraud perpetrated through the machinery of judicial orders and decrees, where the court is made the unconscious instrument, is not beyond remedy when exposed." Prats v. His Creditors, 5 Rob. 288; Blodget v. Hogan, 10 La.Ann. 18, are cited as authority. That language appears to us to be peculiarly applicable in the present case and certainly if plaintiffs adduce proof of some of the fraud alleged against the defendant it might be found sufficient to support their demand for his removal as administrator of the succession if not strong enough to vitiate all the proceedings so far had under his administration.

For the reasons stated it is now ordered that the judgment appealed from be and the same is hereby reversed, set aside and annulled and it is further ordered that the exception of no cause or right of action be and the same is hereby overruled and the case remanded to the district court for further proceedings according to law. The defendant, appellee, to pay all costs.