No. 159.—CARROLL, HOY & CO. *v.* MRS. ELIZA HUIE, Executrix.

To maintain an action by a creditor to remove an executrix from office, the party must allege that he is a creditor of the succession. The allegation that he is a creditor of the executrix or the heirs is not sufficient   C. P. 1018.

APPEAL from Parish Court, parish of Rapides. *Barlow,* Parish Judge. *R. A. Hunter,* for plaintiffs and appellants. *H. S. Losee,* for defendant and appellee.

WYLY, J. Plaintiffs seek to remove the executrix of the succession of Josiah Huie (claiming to be judgment creditors of her individually), on the ground that she moved to Texas with a view to reside there permanently without having rendered her account, and also because she sold at private sale a considerable amount of personal property belonging to said succession, and appropriated the proceeds thereof to her individual use.

They further represent that since the removal of Mrs. Huie the remaining property of said estate has been in the possession of persons not authorized by law to represent said succession, and consequently not responsible to the creditors either of Mrs. Huie or of the  cession of Josiah Huie for their acts, and in consequence thereof they greatly fear that the remaining property will not be enough to pay the debts due by the estate, and leave sufficient community property belonging to their debtor, Mrs. Huie, to pay their judgment against her.

To this suit Mrs. Huie filed her peremptory exception that the plaintiffs do not allege that they are creditors or have any claim against the

71

succession of Josiah Huie, represented by her as executrix, and their petition shows no cause of action.

The court maintained the exception dismissing the suit, and the plaintiffs appeal.

The plaintiffs reserved a bill of exceptions because the court refused to receive proof on the trial of the exception that they are judgment creditors of Mrs. Huie individually.

This is quite immaterial, as they made that allegation in their petition, and for the purpose of trying the exception, that no cause of action is shown, the allegations are taken as true.

The removal of curators of vacant estates and absent heirs, and that of testamentary executors or other administrators of successions, may be prayed for by any heir, creditor or other person concerned, etc. Code of Practice, article 1018.

This we understand to be the legal designation of what persons can sue to remove the legal representatives of successions.

Articles 1016 and 1019 of the Code of Practice authorize the judge, when made acquainted with any facts sufficient to justify a removal, to direct the subrogated tutor, or the curator *ad lites*, or the counsel of the absent heirs to institute a suit in their name to obtain the removal.

Under the articles last referred to, surely, the plaintiffs have no cause of action. They are not suing under the direction of the judge, and they are not such as he could direct to bring the action.

Are they such persons as are designated under article 1018? We think not. They are not heirs or creditors, or in any manner concerned in the succession of Josiah Huie. That they are judgment creditors of the heirs or the widow of the deceased, or those who have only a residuary interest, does not give them sufficient interest in this succession to authorize the suit.

Mrs. Huie does not occupy a fiduciary capacity toward the plaintiffs, who only claim to be individual creditors, and she cannot be proceeded against by them as an unfaithful agent. They can not sue under article 1018, which permits the heirs, creditors or those directly concerned in a succession to pray for the destitution of its unfaithful representative.

It is therefore ordered that the judgment appealed from be affirmed with costs.