Dorshimer v. Herndon.

---

JOHN E. DORSHIMER, APPELLEE, v. J. W. HERNDON, APPELLANT.

FILED JUNE 5, 1915. No. 18210.

1. **Continuance.** A litigant who is present in court when his case is set for trial, and departs without leave and goes to another state without informing his attorney where he may be found when his case is about to be tried, is not entitled to a continuance as a matter of right.

Dorshimer v. Herndon.

2. **Attorney and Client: Discharge: Compensation.** Where an attorney makes a contract with his client to perform certain services for an agreed sum, and performs a part of those services, and the client, without any valid excuse, discharges him or prevents the fulfilment of the contract, the attorney is entitled to recover the full contract price.

Appeal from the district court for Merrick county: Conrad Hollenbeck, Judge. *Affirmed.*

*Martin & Bockes,* for appellant.

*Patterson & Patterson* and *John E. Dorshimer, contra.*

Barnes, J.

Appeal from a judgment of the district court for Merrick county. The action was brought by John E. Dorshimer against the defendant, J. W. Herndon, to recover an attorney fee of $200. The suit was commenced in the county court, where the plaintiff had judgment, and the defendant appealed to the district court. On the trial in that court the plaintiff was again successful, and the defendant has appealed to this court.

The plaintiff's petition was based on an oral contract by which the defendant employed the plaintiff, who is a practising attorney, to assist him in the defense of a certain action brought against the defendant in the district court for Merrick county. The defendant was a resident of Maryville, Missouri. It was alleged in the petition that defendant agreed to pay plaintiff the sum of $200 for his services in defending the suit, and agreed to send the plaintiff one-half of that amount immediately on his return to his home in Missouri. The remainder was to be paid within a short time thereafter, or as the litigation progressed. It appears that the plaintiff entered upon the employment and prepared the necessary papers to remove the cause to the federal court in accordance with defendant's instructions; that the clerk of the district court required the defendant to pay the costs which had already accrued, and the clerk of the federal court required the payment of certain advanced costs before filing the case in

Dorshimer v. Herndon.

that court. The plaintiff wrote to the defendant asking him to remit the necessary fees, and also the $100 which defendant had agreed to send him on his return to Missouri. Defendant failed to comply with plaintiff's request, and, without any explanation for his conduct, employed another attorney. The plaintiff brought suit to recover the amount of his compensation according to the terms of the contract.

When the case came on for trial in the district court defendant was absent, although he was in court in person at the commencement of the term. His attorney filed an application for a continuance, supported by his own affidavit. The court refused to continue the case. To this the defendant's attorney excepted. On the trial the plaintiff made his proof, and, the defendant being absent and offering no testimony, the trial court instructed the jury to return a verdict for the plaintiff. It is defendant's contention that the court erred in overruling the motion for a continuance. The affidavit filed for that purpose will not be set forth in the opinion. It is sufficient to say that defendant knew the cause was set for trial during the term of court at which he was present, and that he understood the order, yet he left the court without leave, and, instead of going to his home, he went to South Dakota, without informing his attorney of that fact or leaving any information as to where he might be found when called upon to respond to a notice of the approaching trial. The district court, therefore, did not err in refusing to grant the continuance asked for.

It is also contended that the court erred in directing a verdict for the plaintiff. It is argued that the contract was abrogated, and the plaintiff could not recover the fee which defendant agreed to pay him; that, having sued upon an express oral contract, he could not recover as for a *quantum meruit*. It may be conceded that plaintiff was not entitled to recover on a *quantum meruit*, and that contention will receive no further consideration; but we cannot agree with defendant that plaintiff could not recover on the express contract. The agreement, as shown by the testimony, was clear and explicit. The plaintiff entered

upon the performance of his services, and the defendant, after part performance, without any excuse or cause whatsoever, refused and neglected to perform his part of the contract, and without any explanation employed another attorney. The plaintiff at all times was ready and willing to perform his part of the agreement. It has been often held that in such case the attorney is entitled to recover his agreed compensation. In 4 Cyc. 984, it is said: "When an attorney makes a contract to perform certain services for an agreed sum, and the client, without any valid excuse or reason, discharges him or prevents the fulfilment of the contract, the attorney is entitled to recover the full contract price." In the case of *City of Detroit v. Whittemore,* 27 Mich. 281, it was said by Judge Cooley: "An attorney employed to carry a suit through for an agreed sum has a vested right to the compensation when he accepts and begins the service, and he cannot be lawfully deprived of it except by his own consent or through his own default or misconduct. If he is discharged from the employment before the service is completed, he may recover the whole sum, * * * because of the manifest impossibility of making an apportionment of the services and compensation, when the parties themselves by their contract expressly abstained from making any, and may in fact be said to have agreed that none should be made." In *Moyer v. Cantieny,* 41 Minn. 242, it was held: "A recovery may be had of the stipulated price, although before the plaintiff's efforts were concluded the defendant assumed to discharge him from the service. The plaintiff was entitled to the benefit of the contract, and the entire compensation agreed upon for the entire service was not apportionable."

As we view the case, the trial court did not err in directing a verdict for the plaintiff for the full compensation of $200. The judgment of the district court is therefore

AFFIRMED.

ROSE, SEDGWICK and HAMER, JJ., not sitting.

The following opinion on motion for rehearing was filed September 20, 1915. *Rehearing denied.*

BARNES, J.

The appellant has filed a motion for rehearing, and contends that the opinion overlooks the fact that plaintiff unqualifiedly admitted that he had quit the service of the defendant. A re-examination of the record shows that the plaintiff testified that, when defendant paid him the fee agreed upon, he was still ready and willing to perform the services. He said: "When he pays me my fee, I am ready to serve him."

It is next contended that our opinion in this case is in direct conflict with the rule announced in *Shevalier v. Doyle,* 88 Neb. 560. Appellant insists that the rule in that case should be adhered to; that a different rule should not be announced without expressly overruling that case. In *Shevalier v. Doyle,* the contract of employment was terminated; Doyle had accepted his discharge; and, in the suit brought by Shevalier to cancel the mortgage given to secure Doyle's fee, the reasonable value of the service was alleged and the attorney was allowed to recover the same. In the case at bar the contract had not been abrogated. The defendant simply neglected and refused to pay plaintiff the fee agreed upon by him. In this case plaintiff sued to recover the compensation agreed upon. He manifested his willingness to perform the services if defendant would pay him his fee. The testimony shows that the defendant employed another attorney and ignored plaintiff. The cases are easily distinguishable, and the motion for a rehearing is

OVERRULED.

HAMER, J., not sitting.