[S. F. No. 10,244. In Bank.—May 16, 1922.]

## FRANK HIGHFIELD, Petitioner, v. ORLANDO E. BOZIO, etc., et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—WILL — SELECTION OF ATTORNEY BY TESTATOR—POWER OF EXECUTOR.—A provision in a will directing and specially requesting that an attorney named therein be the attorney of record in the matter of the probating of the estate of the testator does not constitute a selection of an attorney which is binding on the executor, but is simply an advisory provision which the executor may disregard if he chooses to do so.

[2] ID.—AMENDMENT OF SECTION 1616 OF THE CODE OF CIVIL PROCEDURE—RIGHT OF SELECTION BY EXECUTOR UNAFFECTED.—The amendment to section 1616 of the Code of Civil Procedure, which provides that the attorney for the executor or administrator, upon notice to the interested parties, may apply for and obtain an order that his compensation be paid by the executor or administrator out of the estate in his hands, does not purport to take away the authority or power of the executor or administrator to select and employ an attorney to advise and assist him in the administration of the estate, nor does it purport to regulate, or affect in any manner, the exercise of that authority or power.

APPLICATION for a Writ of Mandate to compel the court to direct an executor to employ an attorney named in a will. Denied.

The facts are stated in the opinion of the court.

Russell P. Tyler for Petitioner.

SHAW, C. J.—This is a petition for a writ of mandate to compel the superior court to direct the executor of the estate of Orlando Bozio, Senior, to employ the petitioner as attorney for the said executor in the administration of the said estate.

The petition is based on the fact that the will of the decedent, which has been admitted to probate, contained the following specific provision: "I direct and specially request, that my friend of many years Frank Highfield be the attorney of record and for the estate in the matter of the probating of my estate."

[1] A similar provision was considered by this court in the case of *Estate of Ogier*, 101 Cal. 381 [40 Am. St. Rep. 61, 35 Pac. 900]. In that case the executor, after his appointment, employed other attorneys and the attorney designated in the will applied to the court for a revocation of the appointment and for an order that he be entered as attorney of record in the place of the other attorneys. The court below denied the application. This court affirmed this ruling and held that the direction in the will "did not constitute a selection which was binding on the executor but was simply an advisory provision which she could disregard if she chose to do so." Among the reasons for this conclusion the court said that "if the attorney employed should be derelict in his duty, and should receive and misappropriate funds of the estate, the executor would be liable therefor to the legatees under the will. This being so, it would seem to be neither reasonable nor right to hold that the executor of a will must necessarily accept the services of an attorney selected by the testator."

[2] This decision is conclusive as to the right of the petitioner to the writ of mandate petitioned for, unless the rule is changed by reason of an amendment to section 1616 of the Code of Civil Procedure, which has been enacted since the decision in the Ogier case. One of the reasons given in the Ogier case for the conclusion of the court in that case was that although the executor would be allowed as a part of his expenses the reasonable fees paid to the attorney and approved by the court, "still such allowance can be made only to him, and not to the attorney." The amendment to section 1616 provides that the attorney for the executor or administrator, upon notice to the interested parties, may apply for and obtain an order that his compensation be paid by the executor or administrator out of the estate in his hands. The petitioner claims that this removes the reasons given in the *Estate of Ogier* for this decision. We do not agree with this contention. The amendment does not purport to take away the authority or power of the executor or administrator to select and employ an attorney to advise and assist him in the administration of the estate, nor does it purport to regulate, or affect in any manner, the exercise of that authority or power. It does not affect the principal reasons upon which the decision in the

Ogier case was predicated, nor change the sound policy on which it rests. It still remains true that the executor is responsible for the misconduct, negligence, or want of skill of the attorney. Hence the executor, notwithstanding that amendment, should be allowed to make his own selection of attorney, and should not be bound by any direction contained in the will of the testator.

The petition for a writ of mandate is denied.

Lennon, J., Wilbur, J., Shurtleff, J., Lawlor, J., Sloane, J., and Richards J., *pro tem.*, concurred.