Argued January 28, reversed February 9, rehearing denied March 16, costs taxed March 30, 1926.

IN THE MATTER OF THE ESTATE OF WALTER MAC-MULLEN, DECEASED,

VIVIAN WALLER *v.* W. K. ROYAL ET AL.

(243 Pac. 89; 244 Pac. 664.)

Executors and Administrators—Granting Petition for Appointment of Administrator Held Error, but Appointment Voidable Only.

1.   Where petition for letters of administration showed on its face that it was presented five days after decedent's death, and that decedent left a daughter living in the county of venue, it was error to grant petition; administrator's appointment thereunder not being void but voidable.

Executors and Administrators—Attorneys' Fee for Service for Administrator Acting Under Erroneous or Voidable Appointment Chargeable Against Estate, if Estate Benefited.

2.   In view of Section 1290, Or. L., attorneys' fees for service rendered in partial administration of estate by administrator acting under erroneous or voidable appointment are chargeable against estate as a necessary expense, if rendered in preserving or caring for estate property and are of benefit to estate.

Executors and Administrators—Allowing Attorneys' Fee Against Estate for Representing Administrator Acting Under Voidable Appointment in Contest for Removal Held Error.

3.   Where administrator had no right to letters of administration, and it was of no benefit to estate for him to remain as such, or to prevent appointment of decedent's daughter, services rendered by attorneys to administrator in contesting daughter's petition for administrator's removal, and for appointment of herself as administratrix, did not benefit estate, and allowance of their claim for fees in any amount against the estate was error.

---

3.   See 11 R. C. L. 236.

ON PETITION FOR REHEARING.

**Appeal and Error—Finding of Circuit Court will not be Adopted, Even Though Evidence was not Brought Before Supreme Court, Where Record on Its Face Shows Contrary.**

4. Finding of Circuit Court that services of attorneys benefited estate will not be adopted even though evidence was not brought before Supreme Court, where record shows on its face that such services could not have benefited estate.

**Executors and Administrators.**

5. Attorneys for volunteer administrator, without right to letters, could not recover from estate for services, unless beneficial to estate.

**Costs.**

6. Costs follow result, unless opinion directs otherwise.

ON OBJECTIONS TO COST BILL.

**Executors and Administrators—Administratrix, Successfully Appealing from Order Allowing Claims, is Entitled to Costs but not to Page Rate for Abstract and Brief Greater Than Maximum Fixed by Rule (§§ 1137, 1241, Or. L., Rule 39).**

7. Administratrix, successfully appealing under Section 1241, Or. L., from order allowing claims, is entitled, under Section 1137, to costs, but not to more than maximum for abstract and brief fixed by Rule 39 (100 Or. 754).

---

Appeal and Error, 4 C. J., p. 777, n. 69.
Executors and Administrators, 23 C. J., p. 1084, n. 38, 39, 24 C. J., p. 107, n. 29, p. 416, n. 44, p. 1216, n. 5.

From Multnomah: George Tazwell, Judge.

Department 2.

This appeal is from an order allowing attorney's fees to the respondents, W. K. Royal and Huntington & Wilson. Walter L. MacMullen died in Multnomah County, Oregon, on or about December 16, 1921, leaving as his sole heir at law and only lineal descendant his daughter Vivian. On December 21, 1921, S. H. Labbe petitioned for letters of administration. His petition sets out that the said Vivian Waller was then a resident of Portland, Oregon, and was the only heir

---

4. See 2 R. C. L. 208.

at law of said decedent. The court appointed the said Labbe administrator without notice to the said Vivian Waller. Within thirty days after the death of the said MacMullen the said Vivian Waller filed her petition asking for the removal of said S. H. Labbe as administrator and for herself to be appointed as administratrix. Her petition sets up the necessary jurisdictional facts. The grounds upon which she asked to have the said Labbe removed was that he was not entitled under the statute to said appointment and that his petition for appointment showed on the face that he was not. The Circuit Court removed Labbe after a contest, and appointed the said Vivian Waller administratrix. Thereafter the respondents, Royal and Huntington, Wilson & Huntington, who represented Labbe in the contest, presented their claim for attorneys' fees. They vigorously resisted the petition of Vivian Waller for his removal and her appointment. The entire estate as shown by the records consisted of a life insurance policy payable to the estate of the decedent and having a value of about $2,800.

The mother of Vivian Waller was formerly the wife of the decedent, but was divorced from him and married Waller, by whom Vivian was adopted. The adoption proceeding was not known by the said Labbe when he petitioned to have himself appointed administrator of the estate. The respondent Royal was acting as attorney for the said Labbe and after the petition of Vivian Waller for the removal of Labbe was filed, the respondents, Huntington, Wilson & Huntington, were retained to assist him in resisting the petition. No appeal was taken from the order removing the said Labbe as administrator. The con-

tention of said Labbe in the contest over the petition for his removal was that the said Vivian Waller having been adopted by her stepfather was not an heir of her natural father, the said decedent. The only question presented on this appeal is whether or not the respondents are entitled to attorneys' fees from the estate when their services consisted entirely of resisting the removal of their client Labbe from the office of administrator. Labbe was not related in any degree to the decedent nor does his petition allege that he was a creditor. The reason assigned for his appointment as administrator is stated as follows in his petition:

"That the said Walter L. MacMullen died at the home of Louise Labbe with whom he was rooming and boarding and that at her request her son, the petitioner herein, S. H. Labbe, took charge of and made all arrangements for the burial of the said deceased and that your petitioner makes the within petition as representative of the creditors and as a friend of the deceased."

REVERSED.

For appellant there was a brief over the name of *Mr. C. D. Christensen,* with an oral argument by *Mr. Maurice W. Seitz.*

For respondents there was a brief over the name of *Messrs. Huntington, Wilson & Huntington,* with oral arguments by *Mr. W. K. Royal* and *Mr. Walter M. Huntington.*

COSHOW, J.—1. The petition of Labbe for letters of administration of the MacMullen Estate showed on its face that it was presented five days after his death and that he left a daughter living in Multnomah

County surviving him. It was error to grant the petition of Labbe for his appointment as administrator. His appointment was not void, but voidable: *Ramp* v. *McDaniel,* 12 Or. 108, 115 (6 Pac. 456); *In re Owen's Estate,* 32 Utah, 469 (91 Pac. 283, 285).

2. Attorneys' fees for service rendered in connection with a partial administration of an estate by an administrator acting under an erroneous or a voidable appointment are chargeable against the estate as a necessary expense, if they were rendered in preserving or caring for the property of the estate, and were a benefit to the estate: Section 1290, Or. L.; *In re Faling Estate,* 113 Or. 6 (228 Pac. 821, 231 Pac. 148); *Slate* v. *Henkle,* 45 Or. 430, 438 (78 Pac. 325). This principle was considered and discussed at great length in *In re Faling Estate,* above. In the exhaustive opinion of the court delivered by Mr. Justice BROWN, he states his conclusion in pages 32, 33 of the official report thus:

"Whenever attorneys' fees are properly chargeable to an estate, it is upon the theory that they were incurred for the benefit of the estate as a whole. The books afford many illustrative cases holding that when a contest is narrowed down to the personal interests of proponents and contestants, claims for attorneys' fees against the estate should be denied": Authorities cited.

4 Schouler on Wills (6 ed.), 2528, §§ 3014–3017; *Union Savings Bank & Trust Co.* v. *Smith,* 26 Ohio, C. C. 317; *Nave* v. *Salmon,* 51 Ind. 159; *Knight* v. *Hamakar,* 40 Or. 424, 431 (67 Pac. 107); *In re Ross' Estate,* 179 Cal. 358 (182 Pac. 303); *In re Snowball Estate,* 156 Cal. 235 (104 Pac. 446).

3. We conceive no way in which the service rendered by the attorneys for Labbe, who are re-

spondents here, could have benefited the estate. Labbe had no rights to letters of administration. It was no benefit to the estate for him to remain as administrator or to prevent the appointment of Miss Waller, the daughter of the deceased. The only property belonging to the estate was the insurance policy. No persons excepting the creditors and the personal representatives of the decedent were interested in that property. The amount of the property could not possibly be increased by the litigation conducted by Labbe. The creditors of the estate would be protected under the administration of Miss Waller as thoroughly as under the administration of Labbe. Either was required under the statute to give a bond amply protecting the creditors. So far as the administration of the estate is concerned it is immaterial whether or not Miss Waller lost her right to inherit from her father by her adoption by her stepfather. Both petitions asserted she was his sole next of kin. Her adoption did not annul the laws of nature. She remained her father's daughter. That question should not have entered into the controversy until the residue of the estate, after satisfying the creditors, was ready for distribution. Whether, under the peculiar circumstances she was the sole beneficiary of the estate could not, and did not, involve the administration of the estate before time for distribution. The services rendered, therefore, by the respondents did not benefit the estate and it was error for the court to have allowed their claim for any amount against the estate. In *Upham et al.* v. *Bramwell,* 105 Or. 597 (209 Pac. 100, 210 Pac. 706, 25 A. L. R. 1919), this court speaking through Mr. Justice McCOURT said:

"In all of the cases cited by plaintiff, the party seeking an allowance of counsel fees and costs, had at his own expense either recovered and brought in the court a fund or property that otherwise would have been lost to the creditors or had instituted proper proceedings to save a trust fund already in court from destruction and to restore it to the purposes of the trust, none of which conditions are present in the instant case."

A similar holding was announced in *Ford* v. *Gilbert,* 44 Or. 259, 262 (75 Pac. 138). If the attorneys' fees should have been allowed in the instant case instead of the property of the estate being increased, it would have diminished the amount of the attorneys' fees and other expense incurred. Labbe was pretending to represent the creditors of the estate in his petition for letters of administration. His conduct in carrying on the litigation against Miss Waller who was entitled to the appointment as determined by the Circuit Court was directly against the interest of the creditors. The question of the reasonableness of the amount allowed the attorneys is not considered here.

The order of the Circuit Court allowing the claim of the respondents is reversed and the claim disallowed entirely.                          REVERSED.

McBRIDE, C. J., and BROWN and BELT, JJ., concur.

Rehearing denied March 16, 1926.

## On Petition for Rehearing.

(244 Pac. 664.)

For the petition, *Mr. W. K. Royal* and *Messrs. Huntington, Wilson & Huntington.*

*Contra, Mr. Maurice W. Seitz* and *Mr. C. D. Christensen.*

4. Respondents, Royal and Huntington, Wilson and Huntington, have presented a petition for rehearing earnestly urging that this court erred in holding that the services rendered by them did not benefit the estate. They invoke the rule that since the evidence taken was not brought here, this court should have adopted the finding of the learned Circuit Court that said services did benefit the estate. The record before this court shows on its face that those services could not have benefited the estate. The situation is analogous to a case where the complaint fails to state a cause of suit. This court held in *State* v. *Henkle,* that:

"An administrator *de son tort* is not entitled on an accounting to an allowance for sums paid to a surety company for becoming surety on his bond, or for appraisers' and justices' services in taking acknowledgments, nor for services rendered by him or his attorneys, unless such services were rendered in the preservation of the property of the estate, and were conducive to its benefit." 45 Or. 430 (78 Pac. 325), par. 4 of the syllabus.

5. Labbe was a volunteer and not entitled to any remuneration for his services: 28 Am. & Eng. Ency. (1 ed.) 499, quoted in *State* v. *Henkle,* above, in pp. 435,

436 of the official report.  His agents and attorneys can be in no better position in relation to their compensation.

6. It is the rule of practice that costs follow the result unless the opinion directs otherwise.  The petition for rehearing is denied.    REHEARING DENIED.

MCBRIDE, C. J., and BROWN and BELT, JJ., concur.

---

Costs taxed March 30, 1926.

ON OBJECTIONS TO COST BILL.

(244 Pac. 664.)

For the objections, *Mr. W. K. Royal* and *Messrs. Huntington, Wilson & Huntington.*

*Contra, Mr. Maurice W. Seitz* and *Mr. C. D. Christensen.*

PER CURIAM.—7. Respondents Royal and Huntington & Wilson have presented objections to the cost bill filed by appellant, administratrix.  Their contention is that there was "no controversial point" between Vivian Waller as administratrix and them, "as the matter was not one existing between the said parties as such."  They presented in regular form to the administratrix claims which were rejected.  The claims were then presented to the Circuit Court in probate.  The claims were allowed in part and judgment rendered as prescribed in Section 1242, Or. L.  Section 1241, Or. L., prescribes:

"The court shall have power to hear and determine in a summary manner all demands against any estate agreeable to the provisions of this act, and which have been so rejected by the executor or adminis-

117 Or.—33

trator, and shall cause a concise entry of the order of allowance or rejection to be made on the record, which order shall have the force and effect of a judgment from which an appeal may be taken as in ordinary cases; * * ."

Section 1137, Or. L., prescribes:

"Costs may be awarded in favor of one party against another, to be paid personally or out of the estate or fund, in any proceedings contested adversely, but such costs cannot exceed those allowed in the trial of a civil action in the county court. Witness fees and other disbursements similar to those allowed on the trial of a civil action may also be allowed, to be paid in like manner. Orders or decrees for the payment of money may be enforced by execution, or otherwise, in the same manner as orders or decrees for the payment of money in the circuit court."

This section places contested claims against an estate in the same class as other money demands. Messrs. Royal and Huntington & Wilson stand in the shoes of plaintiffs in an ordinary action for money in this court.

They do not raise the question in their objections to the cost bill, but it appears that the administratrix demands $2 per page for her abstract and brief. The maximum allowed is $1.25 per page: 100 Or. 754; Rule 39. The costs are retaxed to comply with this rule.                                        Costs Taxed.