Argued June 12; affirmed July 2; rehearing denied
September 10, 1946

## IN RE LACHMUND'S ESTATE
# LACHMUND ET AL. *v.* MOODY
### (170 P. (2d) 748)

L. G. Lewelling, Judge.

*Bruce Spaulding,* of Salem, and *Robert F. Maguire,* of Portland (Bruce Spaulding, of Salem, on the brief), for appellant.

*Rollin K. Page,* of Salem, for respondents.

Before Rossman, Acting Chief Justice, and Bailey, Lusk, Brand and Hay, Justices.

BRAND, J.

Louis Lachmund died testate on the 15th day of October, 1943. Pursuant to the provisions of the will, Margaret F. Lachmund, widow of the deceased, and Donald C. Roberts were appointed executrix and executor, respectively, of the estate. We shall refer to them as the executors.

Ralph E. Moody was employed as attorney for the executors and entered upon the performance of his duties as such. On January 29, 1944, the executors filed in the Probate Department of the Circuit Court a petition "to change attorney of record and fix attorney fees." The petition alleges that the executors "retained Ralph E. Moody as their attorney to attend to the legal business incident to the probate of the deceased's will"; that on or about December 15, 1943, the executors had a misunderstanding with the attorney; and that on December 24, 1943, they verbally dismissed the attorney and confirmed the dismissal by letter on January 13, 1944, and offered to pay to the appellant Moody a reasonable fee for services rendered, subject to the court's approval. The petition further alleges that the appellant refused to withdraw as attorney of record and, since January 13, 1944, has attempted to act in matters pertaining to the estate without the authority of the executors, and that the executors have employed Rollin K. Page to represent them. The prayer is for an order "removing the said Ralph E. Moody as attorney of record in the above entitled matter; that a reasonable attorney fee be fixed by the court for the services rendered to your petitioners by the said Ralph E. Moody and authorizing the payment thereof; and entering Rollin K. Page as attorney of record herein."

To this petition the appellant filed an answer admitting the formal allegations of the petition, admit-

ting that "said executrix and executor retained Ralph E. Moody as their attorney to attend to the legal business incident to the probate of the decedent's will," and admitting that the executors informed him that they desired to terminate his employment and requested him to withdraw as attorney of record and that he refused to withdraw. The answer admits that the executors have attempted to employ Rollin K. Page as their attorney.

As a separate answer "and showing herein as to why he should not be removed," the appellant, who is a member in good standing of the Oregon Bar, alleges that Louis Lachmund, the deceased, and Margaret F. Lachmund, his wife, entered into a contract whereby they agreed to execute and they did execute mutual and reciprocal wills, the terms of which were agreed upon. The answer sets forth some of the terms of the will, the devotion of the deceased to his relatives, the desire of the deceased that the provisions of the will be effectively carried out, and his confidence in the integrity and ability of the appellant. The answer then recites that, as a part of each of the wills which were made pursuant to the contract, the respective testators "did provide and direct that if said Ralph E. Moody should be alive at the time of the death of the respective testators he, the said Ralph E. Moody, should 'be selected as the attorney' for the executrix and the executors of said wills and as attorney for the estates of each of them."

The answer further alleges that the provision directing the employment of Ralph E. Moody as attorney was confirmed by the executors and that he entered upon said employment and has faithfully and diligently performed the required legal services in so far as he has

been permitted to do so. He alleges that he is ready, able, willing and competent to continue the employment. The prayer of his answer is as follows:

"WHEREFORE, the said Ralph E. Moody prays that the petition of the executrix and the executor for the removal of said Ralph E. Moody herein be denied and these proceedings be dismissed."

In their reply, among other matters not necessar··· to mention, the executors admit that Louis Lachmund and Margaret F. Lachmund executed their wills in the form of a testamentary contract.

After trial of the issues presented, the circuit court sitting in probate entered an order substituting Rollin K. Page in the place of Ralph E. Moody as of the 29th day of January, 1944; the date of the filing of the petition; and the court further directed the payment to Ralph E. Moody of the sum of $2,500 as an attorney fee, less certain payments already made.

The appellant contends that the executors were bound by the provisions of the mutual and reciprocal contract will of Louis Lachmund, which named the appellant as attorney for the executors. He contends that the court erred in substituting without cause another attorney in the place of the one named in the will and in not dismissing the petition of the executors. He also contends that the court erred in only allowing Ralph E. Moody $2,500 as attorney fees as the same is inadequate and unreasonable.

There is no allegation in the pleadings of any breach of duty by the appellant. It is the contention of the executors that they had the legal right and power to discharge their attorney without cause, while the appellant apparently contends that they have

neither the right nor the power of discharge and that he is still the attorney for the executors.

In view of the admission of the executors, it is unnecessary to set forth the text of the contract between Louis Lachmund and his wife, Margaret F. Lachmund, who is now executrix of her husband's will. The contract recites that the Lachmund wills are made in accordance with the agreement and subject to certain qualifications not material here, and that "said wills shall under no circumstances be changed or altered after the death of one of us."

The provision in the will of the testator with which we are concerned is as follows:

"I hereby direct that my executors shall fix their compensation as executors of my estate, and the time or times of payment thereof, that Lester Barr of Salem, Marion County, Oregon, if alive at the time of my death, be selected as the accountant for my estate and that Ralph E. Moody of Salem, Marion County, Oregon, if alive at the time of my death, be selected as the attorney for my executors and for my estate and my executrix and executor or executors are authorized to agree with Lester Barr and Ralph E. Moody upon the compensation to be paid to them from my estate for their respective services."

A similar provision was contained in the will of Margaret F. Lachmund.

In accordance with the provision in the Louis Lachmund will, the appellant was retained by the executors immediately following the decease of the testator. The appellant prepared and, on the 20th day of October, 1943, filed a petition for an order admitting the will to probate and appointing the executors; and the order

was made on the same day. The appellant continued in the performance of his duties as attorney.

The matter of compensation was not discussed until December 15, 1943. It was upon that subject that the "misunderstanding" referred to in the petition of the executors occurred. Mr. Donald C. Roberts, one of the executors, testified that the executors felt that it was incumbent upon them under the provisions of the will to secure an agreement with appellant as to his fees. Several conferences were held but without reaching any agreement.

On December 24th Mr. Roberts again called upon the appellant, Mr. Linn Smith representing the executrix also being present. At that time they asked the appellant to withdraw as attorney. A few days later the same persons again met, at which time the appellant announced that he would not resign as attorney for the estate, his position being that the provisions of the will of the testator were binding upon the executors and that they were, therefore, without right or power to remove him as attorney. At a conference on January 11, 1944, in connection with the executors' request that the appellant withdraw as attorney, an offer was made to pay the appellant a reasonable sum to be fixed by the court as compensation for his services performed to that date. The appellant refused to enter into any agreement at that time.

On January 13th a letter was sent to the appellant over the signatures of both executors which read in part as follows:

" * * * Please regard this letter as notice that from and after the date hereof your authority as attorney for the above Louis Lachmund Estate, No. 11529, is terminated and all professional relation of attorney and client with us is ended.

"Please immediately apply to the court in which the above estate is pending and enter a record of your withdrawal as attorney. The matter has been pending two weeks since we communicated our wishes to you to terminate your employment as our attorney and unless you act at once in line with this letter, we will apply to the court under section 15-201 O. C. L. A. for your removal.

"We are ready and desire to pay you a reasonable fee for your services to this date. If you will send a bill to us we will submit the same to the court for approval and pay it punctually if it is reasonable in our opinion and that of the court."

On January 17, 1944, the appellant wrote a letter to the executors concerning various matters pertaining to the estate in which he informed them that certain petitions and orders must be made, and then said:

"The petition and order necessary will be attended to by my office and you will please, at your convenience, come to my office and sign the petition * * *."

On January 29, 1944, the executors filed the petition to change atttorney of record and fix attorney fee, which is in issue here.

Upon completion of the trial, the circuit judge sitting in probate entered the order from which this appeal is taken. It is clear from the record that the appellant was not removed for cause, nor was he removed by the court at all. The effect of the trial court's decision was to authorize the substitution of Rollin K. Page as attorney of record in the place of the appellant who had been removed by action of the executors on January 13th, if not prior to that date.

■■ The provisions of the will must be considered in the light of the legal rules which control the ordinary relationship and reciprocal duties of attorneys and

their clients, and especially the relationship of attorneys employed in the administration of estates of deceased persons. The relation of attorney and client is one of extreme personal trust and confidence; and, "in view both of the delicate and confidential nature of the relation between them and of the evil engendered by friction or distrust," 5 Am. Jur. 281, the authorities generally recognize that the client has the power, as distinguished from the right, to terminate the relation at will with or without cause, and even when the discharge constitutes a breach of contract. The rule has been stated as follows:

" * * * Because of the peculiar nature of the relation of attorney and client, the law goes even further and permits the termination thereof in a manner not recognized with respect to other contracts. Either party may dissolve the relation for cause; and the client has the absolute right to discharge the attorney and terminate the relation at any time even without cause, no matter how arbitrary his action may seem, although the question of whether the revocation or termination was with or without cause may have a material bearing on the client's liability for fees or damages." 7 C. J.S., Attorney and Client § 109, p. 940.

*Marquam v. Vachon,* 7 Fed. (2d) 607; *Dolph v. Speckart,* 94 Or. 550, 179 P. 657, 186 P. 32; *O'Connell v. Superior Court,* 2 Cal. (2d) 418, 41 P. (2d) 334, 97 A. L. R. 918; *Ritz v. Carpenter,* 43 S. D. 236, 178 N. W. 877, 19 A. L. R. 840; *Price v. Western Loan & Savings Co.,* 35 Utah 379, 100 P. 677, 19 Ann. Cas. 589; *Enos v. Keating,* 39 Wyo. 217, 271 P. 6, 275 P. 131, 67 A. L. R. 430. See 6 C. J., Attorney and Client, § 193, p. 676. A court of equity will not, except perhaps in most exceptional circumstances, decree specific performance between attorney and client. *Adams v. Murphy,* 165 Fed.

304; 49 Am. Jur., Specific Performance § 134, p. 156; 58 C. J., Specific Performance § 302, p. 1058. The rule denying specific performance, except in extraordinary circumstances, extends to cases in which the party who was by the terms of the contract to render the services is the plaintiff. 49 Am. Jur., Specific Performance § 137.

■ While the authorities are not entirely in accord as to the conditions under which an attorney may bring action for damages on account of wrongful discharge, they are in general accord on the proposition that the client has the power of discharge, subject to liability in the amount of the reasonable value of services rendered or, under some conditions, to liability for damages for breach of contract where the discharge has been wrongful. See *Dolph v. Speckart,* supra. Consideration of the authorities compels the conclusion that the appellant has in fact been removed by the executors who had and exercised the power of removal. We next consider the nature and extent of the rights of appellant which grow out of his removal.

■■ An executor or administrator is authorized by statute to employ an attorney "in any necessary litigation or matter requiring legal advice or counsel." O. C. L. A. § 19-1009. But the statute does not authorize an executor to bind the estate to the express provisions of a contract of employment between the executor and the attorney. The right of the attorney to compensation is not a direct charge against the estate. The contract binds the executor personally, and the statute merely provides that in the settlement of his account the personal representative may be allowed his necessary expenses, including reasonable attorney fees. O. C. L. A. § 19-1009, supra.

■ An executor may be liable upon his contract with the attorney in the amount of the compensation expressly agreed upon, but the executor must look to the estate for reimbursement. The measure of reimbursement to which an executor is entitled on his accounting with the estate is not the express contract but the reasonable value of the services rendered by the attorney. An administrator can only bind the estate for the payment of the reasonable value of the attorney's services, and, if he has by contract obligated himself to pay more, he will be personally liable for the excess over the amount approved by the court as reasonable. *Re Thomas Prince Estate,* 118 Or. 210, 221 P. 554, 246 P. 713; *Roach's Estate,* 50 Or. 179, 92 P. 118; *Waite v. Willis,* 42 Or. 288, 70 P. 1034; *Mills' Estate,* 40 Or. 424, 67 P. 107.

■ It is true that in a sense the attorney may be said to have a claim against the estate, but it is only by indirection through his contract with the executor and through the executor's right to reimbursement. Thus the attorney may on a proper occasion apply directly to the probate court, but he can recover only if his services were necessary and beneficial to the estate and then only in the reasonable value thereof. *In re Estate of McMullen,* 117 Or. 505, 243 P. 89, 244 P. 664; *In re Faling Estate,* 113 Or. 6, 228 P. 821, 231, P. 148.

"It is possible that Knight, as a creditor of Mills, the former administrator, was not a creditor of the estate in the strict sense of the term (Carroll v. Huie, 21 La. Ann. 561), but he had such a claim against the administrator personally as might, upon the approval of the county court at the final settlement of the estate, become a valid charge against it * * *." *Mills' Estate,* supra.

■ In the light of these general principles of law, we now consider the meaning and effect of the employment of the appellant by the executors of the Lachmund Estate. They were authorized by statute, as well as by the will, to employ an attorney. In the absence of clear words expressing a different intent, we would hesitate to construe the words of Lachmund's will as depriving the executors of the almost universal power which rests in any client to discharge his attorney, subject to the attorney's right of compensation or damages as the case might be. Nor would we be inclined to construe the will as meaning that the employment of the appellant by the executors should constitute a direct obligation binding the estate to an express contract when the well established rule is that the executor binds only himself personally in contracting for the services of an attorney. To hold that the estate was directly bound by the contract between the executors and the appellant would be to deprive the beneficiaries of the estate of the protection which the law normally gives under the rule which charges the estate only for the amount of the reasonable value of the beneficial services actually rendered as approved and allowed by the probate court in its discretion.

> "It is well settled that the determination of such fees is a matter resting within the sound legal discretion of the probate court and its findings in reference thereto will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion." *In re Johnson's Estate,* 166 Or. 393, 394, 112 P. (2d) 468.

If, as we think, the actual contract of employment did not directly bind the estate, then the estate could not be liable for damages even if the executors had

breached the contract when they discharged the appellant. The only conceivable right to recover damages would be in a plenary action against the executors, but this is not such an action. The only right which could be asserted in a proceeding of this kind before the probate court would be for the determination of the reasonable value of the services actually rendered. We do not mean to intimate that there is a cause of action for damages against the executors, but only to say there is no such cause enforcible in the probate court against the estate.

■ We have sketched the legal rules in the light of which the specific transaction must be interpreted. In the case at bar there was no express agreement as to the amount of compensation. The executors were not required to agree with the attorney as to the compensation to be paid him. The provision of the will is that they are "*authorized*" to do so, and it is undisputed that no such agreement was made. Since there was no express agreement as to the amount of the appellant's compensation, the law would imply that the compensation should be the reasonable value of the legal services of the appellant.

Again, unless the contract be construed as covering some definite time or as involving the completion of a specified project, the discharge of the attorney would be within both the power and the legal right of the executors; and there would be no right to the recovery of any sum in excess of the reasonable value of the services actually rendered to date of discharge.

The pleadings leave us in a state of uncertainty as to the extent of the work which was covered by the employment and for which appellant was retained. The will refers to the selection of the appellant as attorney

434

"for my executors and for my estate." The petition of the executors "to change attorney of record and fix attorney fee" alleges that the executors "retained Ralph E. Moody as their attorney to attend to the legal business incident to the probate of the deceased's *will*." The appellant in his answer admits that he was retained "to attend to the legal business incident to the probate of the decedent's *will*." It is by no means clear that such employment was intended by the parties to mean and include all of the legal services incident to the probation and administration of the estate.

In view of the general rules firmly established to the effect that contracts by executors in retaining attorneys bind only the executors personally and are binding on the estate only to the extent that beneficial services have actually been rendered, we think we should be slow to construe either the provisions of the will or of the contract of employment as binding the estate to any payment in excess of the value of the services rendered.

The appellant contends that where the provisions of the will name the attorney to be selected and the executors ask such attorney to act there is a contract; and, if the attorney is discharged without cause, he is entitled to the full amount which he would have earned had he continued as attorney until the close of the estate. In support of this contention counsel cites: *Maynard v. Reynolds,* 251 Fed. 784 (C.C.A. 8th); *Dolph v. Speckart,* supra; *Brodie v. Watkins,* 33 Ark. 545, 34 Am. Rep. 49; *Bartlett v. Odd Fellows' Savings Bank,* 79 Cal. 218, 21 P. 743, 12 Am. St. Rep. 139; *Moyer v. Cantiney,* 41 Minn. 242, 42 N. W. 1060; *Dorshimer v. Herndon,* 98 Neb. 421, 153 N. W. 496; *Grant v. Langley,* 68 N. Y. S. 820 (App. Div.); *Simon v. Chicago M. &*

*S. P. Ry.,* 45 N. D. 251, 177 N. W. 107; *Scheinesohn v. Lemonek,* 84 Ohio St. 424, 95 N. E. 913, Ann. Cas. 1912C, 737; *Kent v. Fishblate,* 247 Pa. 361, 93 Atl. 509. None of the cited cases involved employment by executors. All were cases in which the attorney was employed for the performance and completion of specified work, as for the trial of a suit or the making of a specified collection for an agreed fee. All involved the premature dismissal without good cause shown, which amounted to a breach of the express contract. The cases are not in point here.

We have thus far indicated that aside from the provisions of the will the attorney, even if wrongfully discharged, could recover no more from the estate than the amount of the reasonable value of his services rendered. We must next consider the effect upon the foregoing rule of the fact that the will directed the employment of the appellant.

 The will contained the words "I direct that Ralph E. Moody * * * be selected as the attorney for my executors." The general rule is that even when such words as "direct," "command," or "appoint" are employed in such a connection, the provision should not be deemed to be testamentary in character, and the executor is not bound to employ the attorney named by the testator.

> "In the United States, a provision in the will selecting a certain person as attorney is generally held not to be binding. This result is generally reached on the theory that the provision is merely advisory, although the language which is used frequently sounds quite mandatory. In some of the cases stress is laid on the fact that the executor is personally liable for the management of the estate; and that he ought not be bound to accept an attorney

whom he does not select. It has also been said that there is 'no testamentary power to control executors in the choice of * * * attorneys.' '' 1 Page, Wills (3rd ed.) § 49, p. 109.

This court had occasion to consider the following provision in the will of George W. Pickett:

"I appoint Geo. B. Dorris, attorney at law, to assist the executor in settling my estate.'' *Pickett's Will,* 49 Or. 127, 137, 89 P. 377.

The court said:

''The provision of the will above referred to cannot be construed as giving or making to Dorris 'any beneficial * * * appointment of or affecting any real or personal estate,' nor can it be construed to be anything more than an advisory provision, which the executor may follow or disregard according to his own judgment. It confers no rights upon the appointee: Young v. Alexander, 16 Lea, 108.

''The fact that Dorris is acting as an attorney for the executor in the settlement of the estate, and in this contest, is of no consequence; for he could not do so without the executor's consent and employment of him, and to him Dorris must look for his fees. The appointment of an attorney is personal to an administrator or executor: Waite v. Willis, 42 Or. 288 (70 Pac. 1034).'' *Pickett's Will,* supra.

And see *Highfield v. Bozio,* 188 Cal. 727, 207 P. 242; *In re Ogier,* 101 Cal. 381, 35 P. 900, 400 Am. St. Rep. 61; *In Matter of Caldwell,* 188 N. Y. 115, 80 N. E. 663; 33 C. J. S., Executors and Administrators § 223, p. 1212.

■ The remaining question relates to the appellant's contention that the rule to which we have referred does not apply where the provision directing the executor to appoint a named attorney is contained in a ''mutual and reciprocal contract will.'' We are unable

to see that the contract had any effect upon the construction of the words used in the reciprocal wills. If the provision directing the appointment of the appellant should be construed as being merely advisory in a single non-contract will, we see no reason why the same provision should not be construed as advisory in two wills. The parties bound themselves as to the words to be employed in both wills. They did not attempt to tell the court how to construe the words used.

■ The appellant asserts generally that the provisions of a mutual reciprocal contract will are mandatory and enforcible. We agree that parties may bind themselves in such manner that neither can without breach of contract revoke such a will after the death of the other. *Ankeny v. Lieuallen,* 169 Or. 206, 113 P. (2d) 1113, 127 P. (2d) 735; *Shramm v. Burkhart,* 137 Or. 208, 2 P. (2d) 14; *Stevens v. Myers,* 91 Or. 114, 177 P. 37, 2 A. L. R. 1155. But that question is not involved here.

■ The question presented is whether the inclusion in each will of a provision directing the appointment of the appellant as attorney is one which created in the appellant a vested right to act in a confidential capacity as attorney for the executors, against their will, and to continue so to act until the estate is closed. It would seem that the only conceivable theory which could support a right in the appellant arising from the contract between Lachmund and his wife would be that the contract was of the donee-beneficiary type entitling the beneficiary to assert rights under a contract to which he was not a party. But it is not contended that the provision was inserted in either will for the benefit of the appellant. The appointment of an attorney

for the executor is not a testamentary act, nor is it a bequest to the attorney. It is a provision for the benefit of the persons interested in the estate. The provision of the mutual and reciprocal contract wills created in the attorney no vested interest in the estate, and he was entitled only to an allowance to be fixed in the sound discretion of the probate court equal to the reasonable value of the services rendered by him for the estate.

■ We have heretofore referred to the right of recovery for beneficial services. We do not imply that all services must have been carried to a successful conclusion or have enriched the estate; but they must have been reasonably necessary, performed in good faith and in the interest of the estate.

It was earnestly urged in oral argument that as a matter of public policy we should recognize or establish the right of a testator to control the selection of an attorney for his executors to the end that he might thereby attain a wise and efficient administration of his estate for the benefit of the heirs and persons interested therein. There is some weight in this argument, but it is outweighed by other and more important considerations.

A testator has the right to exercise extensive and detailed control over the disposition of his estate by adopting the simple device of a trust, and he may vest his trustee with discretionary power if he will. But it is a different matter to attempt to control the executor, whose duties are statutory and who operates under the supervision of the probate court, by compelling him to employ a named attorney. The executor is himself a fiduciary, responsible for the performance of his duties and liable for his failures. It is essential

that he should have the selection of the attorney who is to assist him in the performance of the duties imposed upon him by law and for the failure to perform which he might be personally liable.

It is equally important that he should have the right to remove an attorney and substitute a new one without subjecting the estate to liability beyond the value of services rendered. The executor is not only controlled by the law, but he is subject to supervision by the court. The construction put upon the will by the appellant would hamstring both the executor and probate court. It must be rejected.

The sole remaining question is whether the court erred in fixing the amount of appellant's compensation at $2,500. The parties entered into a stipulation in open court to the effect that, if the court found that the appellant had been removed as attorney, it should dispose of the entire matter of attorney fees without expert testimony. Respondent contends that the stipulation deprives this court of power to review the award. We do not so construe the agreement. Such stipulation was not a contract for a binding arbitration. It simply authorized the court to determine the amount of the fee from the evidence before it. The decision of the court on that issue was no more binding on this court than its other decisions based on the evidence. We have power to review the award, but only under established rules, one of which is that the determination of attorney fees to be allowed out of the funds of the estate is a matter resting within the sound legal discretion of the probate court, which will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion. *In re Johnson's Estate,* supra.

■ We have carefully reviewed the evidence concerning the "misunderstanding," or dispute, which arose between the parties upon the issue of fees and concerning the services rendered by the appellant from which evidence alone we must determine the reasonable value of his services. We find no evidence of any express agreement between the executors and the appellant which could be construed as an employment for a definite time or for the full performance of all work incident to the administration of the estate. Until the misunderstanding arose, both parties appear to have proceeded on the assumption that the appellant was the attorney for the executors by virtue of the provisions of the will and that no express contract of employment was necessary.

There was perhaps some mutual and reciprocal want of diplomacy on the part of both the executrix and the attorney . But there was no failure on the part of Mr. Moody to give diligent, experienced, competent and loyal service for the benefit of the estate. In view of his high standing at the bar and of the size of the estate, we would be inclined to increase the award of the circuit court if the matter came to us unweighted by the opinion of the trial judge, but we certainly cannot say that the trial court abused its discretion in fixing the fees at $2,500.

We hold that the executors had the right to discharge appellant with or without cause, that the appellant gave no cause which would have required his removal by the court, that he was in fact discharged by the executors, and that there was no abuse of discretion in the fixing of his fees for services rendered. The decree is affirmed without costs to either party.