DICKINSON, Associate Justice.
•This is an appeal from the Circuit Judge affirming an order of the County Judge of Palm Beach County, Florida.
The facts are these: Samuel B. Marks died June 9, 1954, leaving a last will and testament and two codicils thereto. His wife,-who had predeceased him, was named therein as executrix and trustee, with The Chemical Bank & Trust Company of New York as successor executor and trustee, in the event of her death-or disqualification. Of course, under Florida law this corporate executor could not qualify. The daughter of said decedent petitioned for letters of administration cum testamento annexo, which letters were granted to her. The will of said decedent contained this provision:
“I direct that E. Albert Pallot of Miami, Florida, act as attorney for my Executrix, Trustees and Guardians.”
Simultaneously with the petition by the daughter for appointment as administratrix, c. t. a., the appellant here petitioned the Probate Court to be appointed as attorney for said administratrix, c. t. a. She answered the petition, averring that she had not yet selected her attorney and requested instructions as to whether she had a right to select her own attorney, or whether she was bound by the terms of the will in the selection of the appellant as attorney. The County Judge, after hearing the'matter, determined that the administratrix, c. t. a., had a right to select her own counsel. This was affirmed by the Circuit Court on appeal and the matter is now here for a review of the propriety of these two orders.
There can be no question but what an executrix or an administratrix c. t. a. is entitled to legal representation, should she so desire and, further, that she is entitled to select her own attorney. An attorney and client relationship is one of the closest and most personal and fiduciary in character that exists. The client relies upon the attorney and places confidence in him. To require her to select one whom she does not know or one in whom she may not have confidence (and this latter one is not the case here), would be tantamount to denying to her the free exercise of her own judgment and confidence at the outset of the administration and could well lead to friction from the beginning.
Only the State of Louisiana of the several States that have passed upon this question has held that a provision in a will designating an attorney is binding on the executor. See Rivet v. Battistella, 167 La. 766, 120 So. 289. In Louisiana it is made mandatory by statute as to corporate executors and trustees, but we have no such statute here.
Several other States have ruled to the contrary, saying that such a provision in a will is not mandatory on the personal representative, but merely precatory in nature, holding that such is contrary to public policy. See Carton v. Borden, 14 N.J.Super. 308, 81 A.2d 818; In re Kenney’s Will, 213 Iowa 360, 239 N.W. 44, 78 A.L.R. 1189; In re Estate of Lachmund, 179 Or. 420, 170 P.2d 748, 166 A.L.R. 479; In re Ogier’s Estate, 101 Cal. 381, 35 P. 900; Pennebaker v. Williams, 136 Ky. 120, 120 S.W. 321, 123 S.W. 672; In re Caldwell, 188 N.Y. 115, 80 N.E. 663; In re Stahl’s Estate, 113 Ind.App. 29, 44 N.E.2d 529; Mason & Mason v. Brown, Tex.Civ.App. 182 S.W.2d 729. Numerous textwriters agree with this position. See Page on Wills (Lifetime Edition) Vol. I, Sec. 49, page 108; 21 Am.Jur. 502.
Hence, it occurs to us that the relationship between attorney and client, being one of the greatest of trust and confidence, is one which is particularly within the choice of the client and cannot be dictated to or selected by a decedent in a will, as being binding on his personal representative. It is persuasive only, and may of may not be adopted by the personal representative as he may wish and should the *855 personal representative not choose to select the attorney so named in the will as his •or her attorney, no court should or could ■coerce him or her so to do.
Thus we come to the conclusion that both lower courts were correct and that their rulings and orders herein should be and they are hereby affirmed.
DREW, C. J., and TERRELL and THORNAL, JJ., concur.