1997 ME 201

## H. Harvey HARRINGTON

v.

## Richard A. LORD

Supreme Judicial Court of Maine.

Argued Sept. 5, 1997.
Decided Oct. 7, 1997.

---

Willard D. Pease (orally), Crandall, Hanscom, Pease and Collins, P.A., P O Box 664, Rockland, for plaintiff.

C. Donald Briggs, III, Philip P. Mancini (orally), Cloutier & Briggs, P.A., Rockport, for defendant.

Before WATHEN, C.J., and ROBERTS, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, J.

[¶ 1] Richard A. Lord appeals from the judgment entered in the Superior Court (Knox County, *Marsano. J.*) confirming an Award and Determination entered by a Panel of the Fee Arbitration Commission of the Board of Overseers of the Bar in favor of H. Harvey Harrington. Lord contends that the Fee Arbitration Commission lacked subject matter jurisdiction to render an award in connection with his fee dispute with Harrington. We disagree and affirm the judgment confirming the arbitration award.

[¶ 2] Lord was the scrivener of the will of Laura C. Hines. In her will, Hines directed her personal representative "[t]o employ my attorney, Richard A. Lord of Brunswick, Maine as the attorney for my estate, his fees to be determined solely by him as to reason-

ableness." Harrington, named as personal representative in the will and residual legatee under the will, hired Lord to assist in the probate proceedings. No formal proceedings were initiated in the probate court concerning the fees charged by Lord. After the estate was closed, and Harrington had paid Lord $11,000 of the $14,000 in attorney fees sought by Lord, Harrington challenged Lord's fees by filing a petition with the Fee Arbitration Commission of the Board of Overseers of the Bar pursuant to M. Bar R. 9. The panel of the Arbitration Commission found "$2,500.00 to be a reasonable attorney's fee in this case," and thus by an Award and Determination ordered Lord to remit $8,500 to Harrington. Harrington then sought confirmation of the award by the Superior Court.

[¶ 3] Lord argues that his attorney fees are ultimately a distribution of an asset under a will, the disposition of which falls within the exclusive jurisdiction of the Probate Court.[1] Lord characterizes the enforcement of the arbitration award by the Superior Court as an impermissible collateral attack upon the probate proceedings which worked to abrogate the testator's intent as expressed in her will.[2]

[¶ 4] Harrington responds that the fee dispute between himself and Lord falls squarely within the jurisdiction of the Supreme Judicial Court to control and to regulate attorneys. He contends that M. Bar R. 9, which establishes a procedure for arbitration of fees between a client and his attorney, controls the resolution of such disputes. Harrington argues that Rule 9 provides the Fee Arbitration Commission with jurisdiction to resolve fee disputes and the power to stay court or agency actions involving such disputes. We agree.

[¶ 5] The personal representative of an estate often employs an attorney to assist him or her with procuring the admission of a will to probate or with settling the estate. This attorney acts as the attorney of the personal representative solely, and for his or her services the personal representative, not the estate, is personally responsible. *See Jones v. Silsby,* 143 Me. 275, 61 A.2d 117 (1948); *Christie v. Dold,* 524 N.W.2d 866, 870–71 (S.D.1994) ("An attorney who is employed to probate an estate is not employed by and does not represent the estate. Rather, the personal representative ... is the client and the attorney represents them as their counsel.")

[¶ 6] Attorney fees between a personal representative and his or her attorney are a matter of contract—the personal representative pays the attorney for services rendered in the administration of the estate. *Christie,* 524 N.W.2d at 870. The attorney's right of compensation for services rendered to the personal representative is not a direct charge against the estate, but rather a charge against the personal representative. *See In re Lachmund's Estate,* 179 Or. 420, 170 P.2d 748 (1946); *In re Schwint's Estate,* 183 Okla. 439, 83 P.2d 161 (1938). The personal representative, while personally obligated as to this charge, may in turn be reimbursed for such expenses when the estate is ultimately settled. *See* 18–A M.R.S.A. § 3–715(21) (1981) (granting personal representative power to employ attorney to assist in administration of estate); 18–A M.R.S.A. § 3–720 (1981) (entitling personal representative to reimbursement for attorney fees incurred in estate litigation); *Christie,* 524 N.W.2d at 870.

[¶ 7] We have specifically stated that attorney fees are subject to court regulation. *Anderson v. Elliott,* 555 A.2d 1042, 1049 (Me.1989). Attorneys are officers of the court and the Supreme Judicial Court has the inherent authority to define and to regulate their practice of law. *See* Me. Const.

---

1. Lord contends the proper procedure for the review of attorney fees is set forth in 18–A M.R.S.A. § 3–721, which reads in part:

 After notice to all interested persons, on petition of an interested person ... the propriety of employment of any person by a personal representative, including the employment of any attorney ... the reasonableness of the compensation of any person so employed ... may be reviewed by the court. Any person who has received excessive compensation from an estate for services rendered may be ordered to make appropriate refunds.
 18–A M.R.S.A. § 3–721 (1981).

2. Lord cites 18–A M.R.S.A. § 2–603 (1981) ("The intention of a testator as expressed in his will controls the legal effect of his dispositions.").

art. III, § 2; art. VI, § 1; *In re Feingold,* 296 A.2d 492, 496 (Me.1972). The Supreme Judicial Court regulates the practice of law in Maine via the promulgation and enforcement of the Maine Bar Rules which "govern the practice of law by attorneys within this State...." M. Bar R. 1(a).

[¶ 8] Attorney-client fee dispute resolution is governed by M. Bar R. 9. In *Anderson v. Elliott,* 555 A.2d 1042 (Me.1989), we examined the procedure and policy of attorney-client fee dispute resolution pursuant to M. Bar R. 9.[3] We concluded that the "sound administration of justice" requires "an effective procedure for enforcement of the attorney's professional duty to charge only a reasonable fee." [4] *Id.* at 1049. Rule 9 responds to the need to provide both an attorney and the client with a "faster and procedurally less forbidding forum for fee disputes." *Id.* We recognized that a fee dispute resolution procedure should be one that can "be used effectively by clients whose experience with the legal system is likely to be limited and bewildering, and who in disputes with their own attorneys go into court on an unequal footing." *Id.*

[¶ 9] Evidence that Maine's attorney fee arbitration procedure enjoys priority and is available prior to a final determination of the fee by a court is found in Rule 9 itself, which reads in part:

> If there is then pending before a court or agency of this State an action instituted by either petitioner or respondent *involving the disputed fees,* then such action shall, upon motion by the petitioner, be stayed until such dispute is resolved pursuant to

this rule; and *the award hereunder shall be determinative of the action so stayed.* M. Bar R. 9(e)(5)(D) (emphasis added).

[¶ 10] Construing a testamentary appointment of an attorney and of his fee as a testamentary bequest would assume a donee-beneficiary relationship existed between the testator and the appointed attorney.[5] It has, however, been held that:

> [t]he *appointment of an attorney for the executor is not a testamentary act, nor is it a bequest to an attorney.* It is a provision for the benefit of the persons interested in the estate ... The [attorney holds] no vested interest in the estate, and [the attorney is] entitled only to an allowance to be fixed in the sound discretion of the probate court equal to the reasonable value of the services rendered by him for the estate.

*In re Lachmund's Estate,* 179 Or. 420, 170 P.2d 748, 756 (1946) (emphasis added).

 [¶ 11] Several reasons dictate that a testamentary designation of attorney fees not be construed a distribution of assets under the will. A personal representative of the estate is subject to surcharge for any excessive or improper payments out of the estate. 18-A M.R.S.A. § 3–712 (1981) ("If the exercise of power concerning the estate is improper, the personal representative is liable to interested persons for damage or loss resulting from the breach of his fiduciary duty...."); *see Jones v. Silsby,* 143 Me. 275, 61 A.2d 117 (1948). Such improper payments out of the estate would include excessive legal fees. For that reason, the majority

---

3. M. Bar R. 9 establishes the mechanism for binding arbitration of attorney-client fee disputes. Proceedings may be initiated by "a complaint from any source regarding legal fees paid to or charged by an attorney admitted to the Bar of this State," and the petitioner must agree to be bound by the Commission's decision. M. Bar R. 9(e)(1).

 The arbitration proceeding is governed by the Maine Uniform Arbitration Act, 14 M.R.S.A. § 5927, §§ 5929–5949 (1980); M. Bar R. 9(g)(3), 9(i). Under the Act either party may file a motion to confirm the award in a summary proceeding in the Superior Court. 14 M.R.S.A. §§ 5937, 5942 (1980). An opposing party may move to vacate the award, but if the arbitrators have acted within their powers the court must enter judgment on the award absent improper partiality by the arbitrator or fraud, corruption, or mis-

conduct by the parties. 14 M.R.S.A. §§ 5937–5938.

4. M. Bar R. 3.3(a) addresses excessive attorney fees:

> A lawyer shall not enter into an agreement for, charge, or collect an illegal or excessive fee. A fee is excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee.

5. We note M. Bar R. 3.4(f)(2)(iv) provides:

> A lawyer shall not prepare an instrument giving the lawyer ... any substantial gift from a client, including a testamentary gift, except where the client is related to the donee.

M. Bar R. 3.4(f)(2)(iv).

of courts addressing this issue have held that a personal representative is free to reject the testator's designation of attorney for the estate. *Christie,* 524 N.W.2d at 870–71 ("The selection of the attorney by the decedent is not binding upon the personal representative because, if the attorney is derelict in his duties, the personal representative is liable and so he must have the power to select his or her own attorney."); *see In re Estate of Deardoff,* 10 Ohio St.3d 108, 461 N.E.2d 1292, 1293 (1984) (noting concurring jurisdictions). Accordingly, testamentary language binding a personal representative as to attorney fees is equally repugnant. Any other result would leave the personal representative powerless over a condition (excessive attorney fees) that may subject the personal representative to a breach of his or her fiduciary duties.

 [¶ 12] In the instant case, Lord was hired to provide legal counsel to assist Harrington in his capacity as personal representative of the Hines' Estate.[6] Their relationship was attorney-client and the fees in dispute are attorney fees for services provided by Lord to Harrington. As such, their dispute is precisely the subject matter for which the Supreme Judicial Court fashioned Rule 9.[7] The Maine Bar Rules prevail over a procedural statute when potential inconsistency exists between them. *In re Feingold,* 296 A.2d at 496. Thus, even assuming a conflict between 18–A M.R.S.A. § 3–721 and Rule 9, the statutory procedure could not deprive Harrington of his Rule 9 avenue of redress.

The entry is:

Judgment affirmed.

---

6. Pursuant to Maine's Probate Code, the personal representative of the estate owes a fiduciary duty to interested parties of the estate. 18–A M.R.S.A. § 3–703 (1981); *see In re Estate of Stowell,* 595 A.2d 1022 (Me.1991). The personal representative is liable to, among others, the beneficiaries of the estate for damage or loss to the estate resulting from the breach of this fiduciary duty. 18–A M.R.S.A. § 3–712 (1981). The personal representative is statutorily empowered to employ others, including attorneys, to "advise or assist the personal representative in the performance of his administrative duties[.]" 18–A M.R.S.A. § 3–715(21) (1981).

7. M. Bar. R. 9 requires the petitioner to certify that the fee dispute has not been "finally adjudicated by a court or administrative agency." M. Bar R. 9(e)(1)(D). In the instant case, no formal proceedings were initiated in the Probate Court concerning the fees charged by Lord.